**Dan DUGAN, Petitioner-Appellant,**

v.

**UNITED STATES of America et al., Respondents-Appellees.**

**Henry Rowland RAY, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**Nos. 74–4118, 74–4116 Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1975.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

232

Henry Rowland Ray, pro se.

Frank D. McCown, U. S. Atty., William O. Wuester, Asst. U. S. Atty., Ft. Worth, Tex., for respondents-appellees in both cases.

Dan Dugan, pro se.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

Petitioners Ray and Dugan, represented by court appointed counsel, were convicted as co-defendants upon their pleas of guilty of transportation of interstate stolen property and conspiracy, in violation of 18 U.S.C. §§ 2312, 2313, 2314, and 371. Both defendants were sentenced to four years on the first count and three years on the second, with the terms to run consecutively. Petitioners now move under 28 U.S.C. § 2255 to vacate their convictions and sentences alleging an unkept plea bargain. The district court denied the motion without a hearing. Because we feel that under the circumstances of this case an evidentiary hearing was required, we vacate the district court's order and remand.

Ray and Dugan allege that various law enforcement officials, including an assistant United States Attorney, made a large number of promises to them of which the most important was that their maximum sentence would be four years. In their original petition, the petitioners presented only their affidavits as evidence of the unkept plea bargain. The district court must hold an evidentiary hearing to resolve petitioners' motion "unless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief . . . ." 28 U.S.C. § 2255. An examination of the transcript of the guilty plea hearing demonstrates that the district court questioned both defendants and their lawyers as to whether any promises in connection with their

pleas had been made and received negative replies.[1] Moreover, upon receiving their seven-year sentences, neither defendant objected. Faced with only the bare allegations of the defendants that there had been certain unkept promises, the district court could conclude that the record of the guilty plea hearing conclusively showed that the petitioners were entitled to no relief. *See, Bryan v. United States,* 492 F.2d 775 (5th Cir. 1974) (en banc); *Rosado v. United States,* 510 F.2d 1098 (5th Cir. 1975).

■ After the original decision of the district court denying petitioners' § 2255 motion, Dugan moved to vacate the district court's order on the basis of newly discovered evidence pursuant to Fed.R. Civ.P. 60(b). Dugan submitted affidavits of the sheriff and a deputy of Parker County, Texas, stating that both state and federal officials had made promises to Dugan that he would receive a sentence of only four years. In his rule 60(b) motion, petitioner Dugan alleged that he had just received the affidavits despite every effort on his part to obtain them earlier. The government apparently does not dispute this contention. In a short opinion, the district court stated that its original order was correct and overruled petitioner Dugan's motion. The district court did not state how in light of these affidavits the record could be said to conclusively demonstrate that petitioner Dugan was entitled to no relief.

■ Motions pursuant to rule 60(b) are addressed to the sound discretion of the district court. *See, Hand v. United States,* 441 F.2d 529 (5th Cir. 1971). Such decisions of a district court may be overturned on appeal if there is abuse of discretion under the circumstances of each individual case. *See, Stilwell v. Travelers Insurance Co.,* 327 F.2d 931 (5th Cir. 1964); 7 Moore's, Federal Practice, ¶ 60.30[1], pp. 418–19 (1974). Here,

petitioner Dugan seeks an evidentiary hearing that § 2255 clearly requires except in the limited circumstance where it can be conclusively shown from the record that the petitioner is entitled to no relief. The district court apparently believed that our opinion in *Bryan v. United States, supra,* means that the transcript of the guilty plea hearing is sufficient to refute allegations of unkept plea bargaining. But in *Bryan,* petitioner presented only his allegation that his plea bargain had not been kept. Dugan presents more. There is no way that the district court could refute the affidavits of two ostensibly responsible law enforcement officers by reviewing the transcript of the guilty plea hearing.

■ While allowing a petitioner to obtain an evidentiary hearing by merely alleging an unkept plea bargain would enable a wilful affiant to provoke as to one conviction endless hearings for each time he could swear that someone at the last hearing suborned false testimony, such rationale for denying a hearing does not control here. *See, Bryan v. United States,* 492 F.2d at 780. When the petitioner presents affidavits from third parties, the danger of repeated hearings no longer exists. It is axiomatic that no guilty plea that has been induced by an unkept plea bargain can be permitted to stand. *See, Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L Ed.2d 427 (1971). When petitioner goes beyond mere allegations by presenting credible affidavits that raise a substantial inference that an unkept bargain was in fact made, § 2255 requires an evidentiary hearing.

■ Nor does the fact that the affidavits in this case are general and conclusionary alter our decision. Petitioner Dugan was proceeding *pro se* and the court should be liberal in requiring a particular form of affidavit. Cf. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30

---

1. While the government states in its brief that these answers were made under oath, the record indicates that they were not. Placing the defendants under oath is presently a critical requirement of a guilty plea hearing. *Bryan v. United States,* 492 F.2d 775 (5th Cir.

1974) (en banc). Although this misrepresentation by the government in this pre-*Bryan* case does not affect our decision, an attorney before this court has an obligation to present accurate briefs.

L.Ed.2d 652 (1972). Certainly the brevity of the affidavits does not justify totally disregarding them. An evidentiary hearing is required to explore petitioner Dugan's contention that his guilty plea resulted from an unkept plea bargain.

Petitioner Ray, however, did not present any affidavits or other evidence except his own sworn statement that in his case the plea bargain was not fulfilled. Since both petitioners were co-defendants and both pleaded guilty at the same hearing and both allege the same unkept promises, it would appear that petitioner Ray would also be entitled to an evidentiary hearing if it develops that there is merit to Dugan's contention. We leave to the district court's discretion whether a hearing as to both defendants is advisable or whether disposition of Ray's motion should await a conclusion of Dugan's evidentiary hearing.

Vacated and remanded for further proceedings not inconsistent herewith.