Rene **VANDENADES,**
**Petitioner-Appellant,**
v.
**UNITED STATES of America,**
**Respondent-Appellee.**
No. 75–1511.
United States Court of Appeals,
Fifth Circuit.
Nov. 21, 1975.

Michael J. Rosen, Asst. Federal Public Defender, Miami, Fla., for petitioner-appellant.

Robert W. Rust, U. S. Atty., Rebekah J. Poston, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GEWIN, Circuit Judge:

In January of 1972 appellant Rene Vandenades was indicted by a federal grand jury for violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 801 *et seq.* The alleged transgressions entailed his possession of some eleven pounds of pure heroin and six and one-half pounds of cocaine. Vandenades decided to plead guilty to counts one and four of the indictment, which charged him with possession with intent to distribute (§ 841(a)(1)) and conspiracy (§ 846). He was given a ten year sentence and a three year special parole term on each count, apparently to run consecutively. This appeal involves a challenge to the guilty plea and the sentences.

Vandenades is unschooled in English, but his counsel was present when he plead guilty and was sentenced. Before accepting his plea, the trial judge made the routine Rule 11 inquiry, asking Vandenades, among other things, whether anyone had promised him anything other than dismissal of the remaining counts in return for his guilty plea. Vandenades responded in the negative and his attorney responded affirmatively to the question whether the plea was voluntary. The court accepted the plea and ordered a presentence investigation.

When sentence was imposed in March, 1972, appellant's counsel addressed the court but made no mention of any promise regarding a single ten year sentence; Vandenades likewise made a statement, but he did not refer to any promise or agreement. The trial judge then imposed a ten year sentence and a three year parole term on each count with the provision that, "the sentence imposed in Count IV to run consecutive *with* the sentence imposed in Count I." Neither appellant nor his counsel objected to the sentence or mentioned any agreement.

Later in 1972 two different motions for mitigation of sentence, filed by two different attorneys, listing fifteen grounds for relief, were submitted on behalf of Vandenades and denied by the trial court. Neither of these motions referred to any promise concerning the sentences.

In 1974 while visiting the federal penitentiary in Atlanta, Georgia, the district

judge who had sentenced Vandenades spoke to him during an encounter which was apparently entirely fortuitous. As a result of this meeting, the appellant wrote a letter to the judge in which he stated: "During our talk, your Honor indicated that he was under the impression that I had been sentenced concurrently, and advised me to write you immediately to have this matter corrected, and that your Honor would correct the sentence to reflect the Court's intention of a concurrent sentence." In response to this letter, the district judge wrote an ambiguous letter to Vandenades on November 12, 1972, indicating an inclination to reduce his sentence by half, but also reflecting a feeling of lack of jurisdiction to do so.[1]

On November 27, 1974, Vandenades filed a motion to vacate the conviction and sentences, pursuant to 28 U.S.C. § 2255 (1970).[2] This motion was denied without an evidentiary hearing. The district judge held that, "the records and files conclusively show that there was no evidence of any unfulfilled plea bargain agreement and that the petitioner testified without conflict or equivocation and that no plea bargain had been made." With respect to a second contention by Vandenades that his sentences had been enhanced by a prior invalid conviction,

the court found that "the sentence imposed of two consecutive ten year terms was still appropriate." Finally, with regard to still another conviction, appellant's assertion that he was entitled to have it vacated because of the unconstitutionality of the presumption contained in 26 U.S.C. § 4704(a) (1970), was rejected by the court since Vandenades had plead guilty to one count of violating § 4704(a), rendering the unconstitutional presumption immaterial to his conviction.

After denial of his § 2255 motion without an evidentiary hearing, appellant filed notice of appeal and requested that he be allowed to proceed *in forma pauperis* and that counsel be appointed to assist him. These requests were granted on February 21, 1975.

It is our opinion, and we so hold, that the district court erred in finding that the motion, files and records in this case conclusively show that appellant is entitled to no relief. Accordingly, we vacate the lower court's order denying the § 2255 motion and remand for an evidentiary hearing.

On this appeal Vandenades focuses his argument primarily on the two-pronged thesis that the trial court erred in denying his § 2255 motion[3] without appoint-

---

1. The full text of the letter from the sentencing judge is as follows:

   Dear Mr. Valdenades [*sic*]:

   When I spoke to you in Atlanta you stated you had received two 10-year consecutive sentences. *I was surprised because I rarely impose consecutive sentences.*

   I have carefully examined your file and find that *in your case I did impose consecutive sentences. My reason at the time for doing so was, as you know, that a considerable amount of cocaine and heroin was involved in the transaction. If I had the authority to do so, I would be inclined to reduce your sentence by cutting it in half.* Unfortunately, I do not have that power and am, therefore, unable to be of any help to you. (Emphasis added.)

2. A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released *upon the ground that the sentence was imposed in violation of the Constitution or laws of the United*

*States,* or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, *or is otherwise subject to collateral attack, may move the court* which imposed the sentence *to* vacate, set aside or, *correct the sentence.*

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, *grant a prompt hearing* thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . .

28 U.S.C. § 2255 (1970) (emphasis added).

3. At this point we think it appropriate to take cognizance of a semantic factor that may be of some relevance. Both Vandenades and the government, as well as the district court, consistently refer to Vandenades' motion as a

ing counsel and without granting a hearing. We deal first with the failure to hold a hearing.

■ While a mere self-serving affidavit alleging circumstances with which the trial judge should be familiar does not require an evidentiary hearing, *United States v. Curry,* 497 F.2d 99, 101 (5th Cir.), *cert. denied,* 419 U.S. 1035, 95 S.Ct. 519, 42 L.Ed.2d 311 (1974), when the record discloses other credible documentary evidence which indicates a right to relief, an evidentiary hearing may be necessary, *Dugan v. United States,* 521 F.2d 231 (5th Cir. 1975).

In our recent *Dugan* case, for example, the district court denied a § 2255 motion and refused to vacate its order despite the prisoner's submission of newly discovered evidence, consisting of affidavits of a sheriff and deputy, which supported his assertion of a broken plea bargain by the government. We concluded succinctly that:

> When petitioner goes beyond mere allegations by presenting credible affidavits that raise a substantial inference that an unkept bargain was in fact made, § 2255 requires an evidentiary hearing.

521 F.2d at 233.

Although the situation presented in the instant case is somewhat different from the circumstances involved in *Dugan,* the legal principle applicable to both cases is remarkably similar. In *Dugan* the affi-

davits of law enforcement officers were used to support the motion; here we must consider a letter written by the judge who imposed the sentence.

■ Admittedly, the judge's letter is ambiguous, but such ambiguity is the very fact which renders an evidentiary hearing crucial. Even though the letter mentions the large amount of narcotics involved, it also evidences a firm inclination to reduce the sentence to one ten year term if the court had the power to do so.[4] The order denying the motion makes no reference to the correspondence between the appellant and the judge. Appropriate consideration of this correspondence and a clarifying explanation of it is clearly necessary. The assertion by Vandenades that he is the victim of an unkept plea bargain is not totally inconsistent with the sentencing judge's letter and possibly other factors which may be disclosed at a hearing. We intimate no opinion as to the proper disposition of the motion after such a hearing.[5]

■ In reaching our conclusion we have carefully considered the teachings of this court's en banc decision in *Bryan v. United States,* 492 F.2d 775 (5th Cir.), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974). The district court relied heavily on *Bryan* in denying the motion, and of course we are bound by that en banc decision. The facts of the instant case, however, are vastly different from those presented in *Bryan* and

---

"motion to vacate." *Compare, e. g.,* Brief for Appellant at 5, *with* Brief for Appellee at 3, *and* the District Court Opinion, Record at 21. As noted above, however, *see* note 2, § 2255 gives a court the power not only to vacate or set aside a sentence, but also to *correct* it. The "motion to vacate" nomenclature used to describe a § 2255 motion is not entirely accurate *and could lead a court to an* "either-or" analysis not required by § 2255.

4. *See* note 1 *supra.*

5. The letter is, for instance, consistent with a general feeling of compassion which the trial judge might have felt toward Vandenades after a personal meeting with him in the penitentiary. This reaction might have been dissipated by a review of the cold, hard facts presented by the record. Such a reaction would not re-

flect a constitutional violation requiring § 2255 relief.

On the other hand, the letter might be considered as a manifestation of a negligent or inadvertent breach of a plea bargain agreement that was not brought to the attention of the trial court when sentence was imposed. Such a sentencing error is of constitutional proportion and would call for § 2255 relief.

In any event, the letter "clouded the air" sufficiently to require a hearing on the motion and an explanation by the trial judge. This ventilative hearing is mandatory under § 2255 since the letter is a part of the record and rebuts any reasonable conclusion that the motion, files and record *conclusively show* that Vandenades is entitled to no relief.

we are unable to perceive how our decision here violates the teachings or the spirit of that decision. We do not view the foreclosure principle set forth in *Bryan* to constitute an absolute and iron-clad rule that the "magic words" of the *Bryan*-Rule 11 examination completely eliminate the necessity for a hearing on a § 2255 motion in all circumstances.[6]

The prospective and expanded Rule 11 inquiry enunciated in *Bryan*[7] is not applicable to the instant case. Here the plea was entered prior to the *Bryan* decision,[8] and the critical requisite of placing the defendant under oath was not complied with, nor did the court state that plea agreements were permissible and that the defendant and his counsel were under a duty to reveal the existence and details of any plea agreement. More importantly, the critical distinction between this case and *Bryan* is the fact that in this case the court was not faced with only the bare allegations of the appellant that there had been a breach of the plea bargain agreement. If so, the district court could have properly concluded that the records and files reflecting the guilty plea proceedings conclusively showed

that the appellant was entitled to no relief. It should be remembered that in *Bryan* the petitioner presented only his allegation that his plea bargain had not been kept. Vandenades presented an additional critical fact, a letter from the trial judge which cast serious doubts upon the validity of the consecutive sentences imposed upon him. When the record reveals the existence of evidence beyond the mere allegations of the petitioner from which the reasonable inference can be drawn that his guilty plea has been induced by an unkept plea bargain, or that a substantial mistake has been made in the imposition of the sentence, the guilty plea cannot stand. *See Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Dugan v. United States, supra.* Moreover, the appellant was proceeding *pro se* and the court should be liberal in its consideration of the motion presented. *Cf. Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Two additional factors which require clarification at an evidentiary hearing relate to the ambiguity and uncertainty of the sentences imposed.[9] As indicated

---

**6.** The *Bryan* court emphasized, first of all, that the allegations by Bryan inherently involved matters which the trial judge "could readily resolve by drawing on his own personal knowledge and recollection," 492 F.2d at 779. Vandenades' allegations, on the other hand, are of a secret plea bargain which did not involve the trial judge.

Secondly, the *Bryan* court distinguished the two Supreme Court cases of *Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), and *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), on the dual bases that whereas Bryan did not claim coercion, Fontaine and Machibroda did, and whereas Bryan tendered only his own self-serving affidavit, Fontaine and Machibroda tendered other documentary evidence supporting their claims to § 2255 relief. It is noteworthy that Vandenades, like Fontaine and Machibroda, and unlike Bryan, alleges secret pressures and offers documentary evidence, contained in the record, in support of his motion.

**7.** We refer specifically to that portion of the *Bryan* decision which establishes the following procedure:

Thirty days after the date of this opinion all district courts in this circuit shall put into effect the following supplementary practices at the time of taking pleas of guilty or nolo contendere. The court shall state that plea agreements are permissible and that the defendant and all counsel have a duty to disclose the existence and details of any agreement which relates to the plea tendered. Specific inquiry shall be made as to the existence of such an agreement before a plea is accepted. The defendant shall be placed under oath. These are minimum practices and are not intended to circumscribe any additional procedures or inquiries deemed by any court to be pertinent to the issue of plea propriety in any case.

492 F.2d at 781–82.

**8.** *Bryan* was decided in 1974 and the guilty plea and sentencing here took place in 1972.

**9.** We offer no opinion at this time on the question whether any one of the involved factors standing alone would be sufficient to establish the need for a § 2255 hearing. Each § 2255 motion, of necessity, rests on its own facts, *see, e. g., Bryan v. United States,* 492 F.2d 775, 778 (5th Cir.) (en banc), *cert. denied,* 419 U.S.

earlier, the appellant was sentenced to two ten year terms of imprisonment plus a three year parole term to follow each sentence, "to run consecutive *with*" the other. Use of the preposition "with" in imposing sentences which are to run consecutively is unusual; "to" customarily is employed with "consecutive", while "with" is ordinarily used when "concurrent" sentences are imposed. The language is also somewhat contradictory; "consecutive" connotes successiveness, whereas "with" carries the connotation that the sentences will run simultaneously.[10]

Moreover, the actual serving of the sentences would be quite out of the ordinary and awkward in that the entire Count IV sentence of both imprisonment and parole was stated to be "consecutive with" that of the Count I sentence of both imprisonment and parole. Literally interpreted the result would be that Vandenades would be imprisoned for ten years, paroled for three, imprisoned again for ten years, and finally paroled again for three.[11] It is questionable whether such a sequence was intended by the sentencing judge.

The government rather strenuously contends in its brief[12] that the following facts when considered together conclusively show that Vandenades is entitled to no relief: (1) at the time of sentencing neither Vandenades nor his attorney mentioned any agreement; (2) appellant's motion is not supported by affidavits from any of the supposed witnesses to the promise; (3) appellant's two 1972 motions for mitigation make no mention of plea negotiations; (4) finality in criminal proceedings is critical and (5) the responses of appellant and his attorney to the court's Rule 11 inquiry. We are in complete agreement with the government that these facts are relevant to the question whether appellant is entitled to relief; they possess at least inferential value on issues such as the likelihood of a broken plea bargain. However, in view of the trial judge's letter and the ambiguity apparent in the language of the sentences, we are unable to conclude that such factors conclusively show that Vandenades is entitled to no relief.

Appellant further argues that he was and is entitled to the assistance of counsel in the presentation of his § 2255 motion. It is axiomatic that an indigent has a right to counsel on direct appeal, *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), but this right does not encompass post-conviction proceedings, *Queor v. Lee,* 382 F.2d 1017, 1018 (5th Cir. 1967).[13] Generally, the decision whether to appoint counsel in proceedings on a § 2255 mo-

1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974) ("No per se rule can be applied, for in the final analysis, the issue becomes one of fact. Its resolution necessarily depends upon what is alleged and what is shown by the documentation of each case.").

**10.** At oral argument counsel for the government suggested that the terminology "consecutive with" was a mere semantic digression which should not overly concern the court. However, when a semantical distinction results in ambiguity and uncertainty, the matter cannot be dismissed cavalierly, especially when ten years of a person's life are at stake. Much of the law itself consists of verbiage and semantics and the meaning of language is a particularly critical aspect of the sentencing process.

**11.** Counsel for appellant suggests that the actual confinements were to run consecutively followed by two consecutive parole terms. Brief for Appellant at 3. We note that this simply is not what the trial court said. Rather, he stated, "the *sentence* imposed in Count IV to run consecutive with the *sentence* imposed in Count I," Supp. Record, Vol. 1, at 15.

**12.** At oral argument the government's position had mellowed somewhat. Counsel for the government candidly admitted that she likewise was confused by the trial judge's letter and would not be affronted by our granting that judge an opportunity to explain it. Such forthrightness is indeed refreshing and certainly comports with the letter and spirit of A.B.A. Ethical Consideration 7–13, which urges prosecutors to "seek justice, not merely to convict."

**13.** In the recent case of *Ross v. Moffit,* 417 U.S. 2437, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the Supreme Court distinguished its *Douglas* decision and held that appointed counsel was not constitutionally mandated for state court discretionary appeals or for applications for certiorari in the Supreme Court.

tion is discretionary with the trial court and will not be overturned absent a showing of fundamental unfairness which impinges on the due process rights of the petitioner, *e. g., United States ex rel. Worlow v. Pate,* 411 F.2d 972, 974 (7th Cir. 1969), *cert. denied, sub. nom., Lane v. Pate,* 403 U.S. 921, 91 S.Ct. 2238, 29 L.Ed.2d 699 (1971). Further, we have specifically held that it is not reversible error for a district court to refuse to appoint counsel to aid a prisoner in the presentation of a § 2255 motion, *Huizar v. United States,* 339 F.2d 173, 174 (5th Cir. 1964), *cert. denied,* 380 U.S. 959, 85 S.Ct. 1099, 13 L.Ed.2d 975 (1965).

Where, however, an evidentiary hearing is called for, the Supreme Court has approved the practice by the lower federal courts of appointing counsel, *Johnson v. Avery,* 393 U.S. 483, 487–88, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Although Vandenades was not entitled as a matter of right to the aid of counsel in the preparation and presentation of his § 2255 motion,[14] since we hold that he is entitled to a hearing on that motion, it is evident to us that the assistance of counsel would greatly benefit the district court and the appellant. However, we leave that decision to the discretion of the district court.

Finally, appellant argues that his sentences were enhanced by a prior invalid conviction. The district court specifically found that the sentences were appropriate despite the unconstitutional prior conviction and this finding appears to be adequate under *Lipscomb v. Clark,* 468 F.2d 1321, 1323 (5th Cir. 1972). Nevertheless, since the § 2255 hearing will result in a thorough review of Vandenades' entire file and record, the district court would not be amiss in reconsidering its *Lipscomb* finding.

14. We reject appellant's contention that he established a "particularized need" for the appointment of counsel as per our opinion in *Pike v. United States,* 330 F.2d 53 (5th Cir. 1964) (mental incompetence at time of plea). As Chief Judge Brown noted in *Stanley v. Wainwright,* 406 F.2d 8, 10 (5th Cir. 1969), mental disability is critically distinguishable from "incapacities due to lack of education,

For the reasons hereinabove set forth, the district court's order denying appellant's § 2255 motion is vacated and the case is remanded for proceedings not inconsistent with this opinion.

Vacated and remanded.

intelligence, or sophistication" with regard to the issue of whether appointed counsel is required on a § 2255 motion: disability shows a "particularized need", but ignorance does not. We might add that, although Vandenades' motion was not drafted with the expertise of most attorney-filed motions, it was sufficient to present his claim adequately.