C. Carey MATTHEWS,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 75–3497.

United States Court of Appeals,
Fifth Circuit.

June 9, 1976.
Rehearing Denied Aug. 6, 1976.

Bernard Hutner, Leo Greenfield, North Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before DYER, SIMPSON and RONEY, Circuit Judges.

DYER, Circuit Judge:

The sole question before this Court is whether the district court erred when it denied Matthews' motion under 28 U.S.C.A. § 2255 to vacate and set aside his guilty plea without an evidentiary hearing. We conclude that under the particular facts or this case, an evidentiary hearing was required. We therefore reverse and remand.

Matthews was charged with multiple violations of the Securities Act of 1933, and the Securities and Exchange Act of 1934. After initially pleading not guilty to all counts, Matthews withdrew that plea and, pursuant to *Alford v. North Carolina*, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, he entered a plea of guilty to one count, notwithstanding his continuing assertions that he was innocent of the charges brought against him. The remaining counts were dismissed.

The Section 2255 petition alleged that Matthews was coerced into entering the guilty plea by reason of a threat conveyed by the Assistant United States Attorney heading the prosecution team to Matthews' counsel,[1] and through that counsel to Matthews. The substance of the allegation related to a private conference between the Assistant United States Attorney and the district judge. Since all other codefendants had entered guilty pleas, and since the trial promised to be long, the district judge is alleged to have stated in this conference that Matthews would receive at least a ten year sentence if he did not enter a guilty

plea and was subsequently found guilty by a jury. The petition states that this information was relayed to Matthews' counsel by the Assistant United States Attorney, and by Matthews' counsel to Matthews. Important to the outcome of this case, the petition was supported by a sworn affidavit signed by Matthews' counsel, substantiating the allegation that these statements were made to him by the Assistant United States Attorney. A sworn affidavit was also filed by Matthews' law partner, stating that he was privy to the conversation in which Matthews' counsel related these threats to Matthews. Subsequent to the filing of the petition, the government filed a sworn affidavit signed by the Assistant United States Attorney, stating that he had never had such a private conference with the district judge, and that he had never conveyed these statements to Matthews' counsel.

Faced with these conflicting sworn affidavits, the district court[2] nevertheless denied Matthews' Section 2255 petition without an evidentiary hearing on the basis of this Court's en banc decision in *Bryan v. United States*, 5 Cir. 1974, 492 F.2d 775. The district court noted that at the time of sentencing, a full Rule 11 colloquy took place, and Matthews there stated that his plea was not induced by any threats or coercion. His counsel, the same attorney alleged to have received the threat, was also present at the Rule 11 hearing, and, although not addressed directly by the court, indicated that he had nothing to add to the proceedings. In the view of the district court, *Bryan* precluded Matthews from challenging statements made by him in the plea proceeding so as to gain Section 2255 relief. Since he was bound by those statements, no evidentiary hearing was required, and the court could only conclude that his plea was freely and voluntarily entered.

In *Bryan*, this Court en banc drew a balance between the Section 2255 require-

1. Matthews is represented on the Section 2255 motion by different counsel.
2. The district judge who received the guilty plea recused himself from consideration of the

Section 2255 petition, and the petition was assigned to another judge.

ment that an evidentiary hearing is necessary unless the motions, files, and records of the case "conclusively show" that the prisoner is entitled to no relief, and the need for finality in the criminal process. As stated in *Bryan*, if a prisoner could challenge prior statements made at a Rule 11 hearing without limit, then

> the number of hearings which a wilful affiant could provoke as to a single conviction would be limitless, for each time he could swear that someone at the last preceding hearing suborned false testimony from him or his lawyer or that the judge played false in the performance of his duties.

492 F.2d at 780. In reaching this balance, the court *did not* conclude that a Section 2255 petition could never challenge statements made at a prior plea proceeding. As this Court has stated:

> We do not view the foreclosure principle set forth in *Bryan* to constitute an absolute and ironclad rule that the "magic words" of the Bryan-Rule 11 examination completely eliminate the necessity for a hearing on a § 2255 motion in all circumstances.

*Vandenades v. United States*, 5 Cir. 1975, 523 F.2d 1220, 1224. Rather, the Court carefully compared the facts before it to the precepts of the Supreme Court laid down in *Fontaine v. United States*, 1973, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169, and *Machibroda v. United States*, 1962, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, both of which required an evidentiary hearing under the "conclusively show" standard of Section 2255. The Court pointed to several characteristics which distinguishes *Bryan* from *Fontaine* and *Machibroda*. First, *Bryan* did not involve allegations of threats or coercion which induced the plea, as in *Fontaine* and *Machibroda*. Second, unlike those two cases, *Bryan* supported his petition with only his own affidavit to counter directly inconsistent former testimony. Thus, *Bryan* is inapposite to the case now before us, where the petition alleges threats which coerced the plea, and where the petition is supported not only by the affidavit

of the petitioner, but also by the affidavits of third persons. *See Vandenades, supra*, 523 F.2d at 1224, fn. 6.

Subsequent to *Bryan* we have held that its principles are not limited to situations involving a traditional plea bargain, but that those principles also apply to a Section 2255 petition which alleges that the guilty plea was induced by threats or coercion. In this later situation, under the rationale of *Bryan*, the allegations of the petitioner accompanied by his own affidavit are insufficient to mandate an evidentiary hearing in the face of a Rule 11 record detailing statements by the petitioner that his plea was not induced by any threats or coercion. *United States v. Barrett*, 5 Cir. 1975, 514 F.2d 1241; *Jackson v. United States*, 5 Cir. 1975, 512 F.2d 772.

Subsequent decisions have also held, however, that *Bryan* does not apply to eliminate the requirement of an evidentiary hearing when the petition is supported not only by the allegations of the petitioner, but also by credible third party affidavits or other documentary evidence. *Dugan v. United States*, 5 Cir. 1975, 521 F.2d 231; *Vandenades, supra*.

In *Dugan*, the petition alleged an unkept plea bargain and was supported by affidavits of a county deputy and sheriff, stating that both state and federal officials had made promises to Dugan that he would receive a sentence of only four years. At the plea proceeding, the court questioned Dugan as to whether any promises had been made in connection with the guilty plea, and Dugan replied in the negative. This Court concluded that the existence of the supporting affidavits, rather than the negative response elicited at the plea proceeding, was controlling, and an evidentiary hearing was necessary to resolve Dugan's claim. The rationale of *Bryan* was found to be inapplicable when third party affidavits accompanied the petition:

> While allowing a petitioner to obtain an evidentiary hearing by merely alleging an unkept plea bargain would enable a wilful affiant to provoke as to one conviction endless hearings for each time he could

swear that someone at the last hearing suborned false testimony, *such rationale for denying a hearing does not control here.* See *Bryan v. United States,* 492 F.2d at 780. When the petitioner presents affidavits from third parties, the danger of repeated hearings no longer exists. . . . When petitioner goes beyond mere allegations by presenting credible affidavits that raise a substantial inference that an unkept bargain was in fact made, § 2255 requires an evidentiary hearing.

521 F.2d at 233. *See also Vandenades v. United States, supra,* at 1223 ("when the record discloses other credible documentary evidence which indicates a right to relief an evidentiary hearing may be necessary").

The case before us is controlled by *Dugan.* Here, we have affidavits that raise a substantial inference that threats or coercion in fact induced Matthews' guilty plea. Of course, we make no attempt to resolve the conflict in the affidavits before us, nor do we intimate any view as to whether Matthews would be entitled to withdraw his plea if the allegations of his petition are in fact correct. But, as decided in *Dugan,* those affidavits tip the balance drawn by *Bryan.* Matthews is entitled to an evidentiary hearing on his claim.

█ Matthews also claims that there was an insufficient factual basis for the entry of his *Alford* plea. Further, he challenges the local procedure whereby Section 2255 petitions are referred to the magistrate for his recommendation. We find these assertions of error without merit.

REVERSED AND REMANDED.