UNITED STATES of America, Plaintiff-Appellee,

v.

David C. McCORD, Defendant-Appellant.

No. 79-2333.

United States Court of Appeals, Fifth Circuit.

June 6, 1980.

David C. McCord, pro se.

Douglas Edward Yeager, Dallas, Tex. (Court-appointed), for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Shirley Baccus-Lobel, H. Jay Ethington, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before WISDOM, FAY and TATE, Circuit Judges.

WISDOM, Circuit Judge:

This case raises the question whether the district court erred in denying, without conducting an evidentiary hearing, the prisoner David C. McCord's motion under 28 U.S.C. § 2255 to vacate his sentence. We conclude that the record in this case does not conclusively show that McCord was entitled to no relief. The district court, therefore, was required by section 2255 to conduct an evidentiary hearing to resolve the merits of McCord's allegations of a breach of a plea bargain. Accordingly, we vacate the district court's order and remand the case for an evidentiary hearing.

I.

McCord was indicted in July 1976 along with seven other persons in connection with a fraudulent scheme to sell worthless silver ore and mining options. The 16 count indictment charged the defendants with conspiracy, mail fraud, and wire fraud in violation of 18 U.S.C. §§ 1341, 1343 and 2314. McCord was taken into federal custody and held in the Dallas County Jail where he discussed the possibility of a plea bargain with two agents of the Federal Bureau of Investigation (FBI), Michael A. Clark and Thomas J. Kneir. According to McCord, the agents advised him that if he pleaded guilty to one count of the indictment and

cooperated with the government in the cases against his co-defendants, the government would dismiss the remaining 15 counts of the indictment and guarantee him probation. McCord maintains that the plea offer was authorized by the Assistant United States Attorney in charge of the case, Harvey J. Ethington. McCord says he accepted the plea agreement and discussed the case at length with the agents while imprisoned. After McCord was released on bail, he furnished agents Clark and Kneir 31 documents relating to the defendants' fraudulent activities.

Several days later, McCord discussed the terms of the plea agreement for the first time with Assistant United States Attorney Ethington. Ethington denied that he had authorized agents Clark and Kneir to offer probation in return for a plea of guilty to one count of the indictment. Ethington said the government would consider only a plea of guilty to three counts of the indictment with no guarantee of probation. Agents Clark and Kneir were summoned to Ethington's office and in the presence of McCord they denied having offered McCord an opportunity to plead guilty to one count of the indictment or having guaranteed him probation.

McCord continued to cooperate with the government in its cases against his co-defendants. When rearraigned in August 1976, he pleaded guilty to three counts of the indictment. During McCord's Rule 11

hearing [1] the United States Attorney recited the terms of the plea bargain: The government would permit McCord to plead guilty to three counts of the indictment in return for his cooperation in the cases against his co-defendants; the government had not offered McCord any specific minimum or probated sentence, or promised to recommend that the trial court treat McCord leniently. When questioned by the district judge, McCord stated that the United States Attorney's statement concerning the plea agreement was correct. He denied having been promised any other bargain.[2] The district court accepted McCord's plea and sentenced him to a five-year term of imprisonment on each of two counts, to run consecutively, to be followed by five years of probation on the third count. McCord did not appeal his conviction.

In July 1978, McCord filed a civil action in the district court against the FBI and Agents Clark and Kneir to recover damages arising from the defendants' failure to honor the plea agreement negotiated in the Dallas County Jail.[3] The district court transferred this case to United States Magistrate John B. Tolle to conduct an evidentiary hearing and to make findings and recommendations for the disposition of the case. In September 1978, McCord moved *pro se* under 28 U.S.C. § 2255 to vacate his sentence. McCord's section 2255 petition alleged, among other things, that the

---

1. *See* F.R.Crim.P. 11.

2. After the Assistant United States Attorney recited the terms of the plea agreement the following colloquy occurred:

    THE COURT: Is that a correct statement of the plea bargain that you have negotiated?
    MR. McCORD: It is absolutely correct in every word he said.
    THE COURT: That is correct?
    MR. McCORD: Correct, Your Honor.
    THE COURT: Has anybody promised you anything other than what has been stated here by the Assistant United States Attorney?
    MR. McCORD: Not a thing, Your Honor.
    THE COURT: Has anyone promised you a lighter sentence or probated sentence on these charges?
    MR. McCORD: No, Your Honor.

    THE COURT: No other party represented anything to you?
    MR. McCORD: No, Sir.
    THE COURT: Mr. Martin, [McCord's attorney] Has anyone promised you anything other than what the United States Attorney has stated?
    MR. MARTIN: Nothing.
    THE COURT: Has anyone promised you that Mr. McCord would receive a lighter sentence or a probated sentence?
    MR. McCORD: No, Your Honor.
    THE COURT: Of any kind?
    MR. MARTIN: Of any kind.

3. McCord maintained that the government's breach of the plea bargain deprived him of the due process guarantees of the Fifth Amendment. He alleged jurisdiction under 28 U.S.C. §§ 1331 and 1361.

government had failed to comply with the terms of the plea bargain he negotiated with Agents Clark and Kneir. The district court also referred McCord's section 2255 petition to United States Magistrate Tolle for consideration.

In March 1979, the defendants in the civil action filed a motion to dismiss McCord's complaint accompanied by affidavits of Agents Clark and Kneir. Agent Kneir's affidavit contradicted McCord's allegations regarding the terms of the plea agreement and the conversation of the FBI agents and McCord at the Dallas County Jail. Agent Clark's affidavit supported, in part, McCord's allegations in his civil complaint and in his section 2255 petition. According to Clark's affidavit, before he and Kneir interviewed McCord in the Dallas County Jail:

> Assistant United States Attorney Ethington instructed me to advise [McCord] that if [he] would cooperate with the government, provide substantive information about the other defendants in the criminal case, and testify to same, that the Government would consider allowing him to plead guilty to one count of the indictment.

The Clark affidavit denied that McCord was guaranteed probation in return for his cooperation. McCord did not file a copy of the Clark affidavit in support of his section 2255 motion.

After the filing of the Clark affidavit in the civil action, Magistrate Tolle recommended to the district court that all relief requested in the section 2255 petition be denied. The Magistrate's findings and conclusions state that McCord's "allegations [of an unkept plea bargain] are in direct conflict with [his] sworn testimony at the time of his guilty plea and sentencing". The Magistrate's findings contain no reference to the Clark affidavit, but the Magistrate was aware of the affidavit because he had handled McCord's civil action.[4] On May 11, 1979, the district judge adopted, without conducting an evidentiary hearing, the Magistrate's recommendation that McCord's section 2255 motion be denied. Several months later the district court, in accordance with Magistrate Tolle's recommendation, entered judgment in favor of the United States in McCord's civil action. On appeal from the denial of his section 2255 petition, McCord argues that in light of Agent Clark's affidavit he was entitled to an evidentiary hearing on the issue whether the government failed to honor the original plea bargain.

## II.

A conviction based on a guilty plea that has been induced by an unkept plea bargain is subject to collateral attack under 28 U.S.C. § 2255. *Machibroda v. United States*, 1962, 368 U.S. 487, 493–94, 82 S.Ct. 510, 513–514, 7 L.Ed.2d 473, 478; *Bryan v. United States*, 5 Cir. en banc 1974, 492 F.2d 775, 778. A federal prisoner who has moved to vacate a sentence under 28 U.S.C. § 2255 on the ground of an unkept plea bargain is entitled to a hearing "[u]nless the motion and files and records of the case conclusively show that the [petitioner] is entitled to no relief". 28 U.S.C. § 2255. The question is whether McCord's motion and the records in this case conclusively show that the government did not honor the terms of McCord's plea bargain. If not, McCord is entitled to an evidentiary hearing in the district court.

The Supreme Court has refused to apply a per se rule rendering guilty pleas invulnerable to subsequent challenge even when a § 2255 petitioner repudiates statements made to the sentencing judge at the time the plea was entered. *Fontaine v. United States*, 1973, 411 U.S. 213, 215, 93 S.Ct. 1461, 1462, 36 L.Ed.2d 169, 172; *Vandenades v. United States*, 5 Cir. 1975, 523 F.2d 1220, 1223–24. A section 2255 petitioner, such as McCord, whose allegations of

---

4. A copy of the Magistrate's "Findings, Conclusions and Recommendations" in the section 2255 case and the district court judgment in that case were attached to the Magistrate's "Findings, Conclusions, and Recommendations" to the district judge in the civil action. The Magistrate apparently treated these two actions as related cases.

an unkept plea bargain are contradicted by his own solemn declarations in open court during a plea or sentencing hearing, faces a "barrier, [that] although imposing, is not invariably insurmountable". *Blackledge v. Allison*, 1977, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136, 147. As the Court stated in *Blackledge* :

> In administering the writ of habeas corpus and its § 2255 counterpart, the federal courts cannot fairly adopt a per se rule excluding all possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment.

431 U.S. at 75, 97 S.Ct. at 1630, 52 L.Ed.2d at 147–48. *See Fontaine v. United States*, 411 U.S. at 214–15, 93 S.Ct. at 1462–1463; *Machibroda v. United States*, 368 U.S. at 491–96, 82 S.Ct. at 511–515; *United States v. Nuckols*, 5 Cir. 1979, 606 F.2d 566, 569; *Dugan v. United States*, 5 Cir. 1975, 521 F.2d 231, 233–34. This Court, in applying *Blackledge*, has stated that because of the interest in finality in the criminal process, a defendant ordinarily will not be permitted to refute testimony given under oath at a plea or sentencing hearing. *United States v. Sanderson*, 5 Cir. 1979, 595 F.2d 1021, 1022. Accordingly, in *Bryan v. United States*, 5 Cir. en banc 1974, 492 F.2d 775, we held that a petitioner may not obtain an evidentiary hearing by merely alleging an unkept plea bargain.[5] When, however, a section 2255 petitioner presents more than uncorroborated assertions of a broken plea agreement, a different rule applies. *See*

*Dugan v. United States*, 5 Cir. 1975, 521 F.2d 231.

In *Dugan*, a section 2255 petitioner who was serving a seven-year term of imprisonment alleged an unkept plea bargain. The petition was supported by credible affidavits of a county deputy and sheriff stating that both state and federal officials had originally promised Dugan a sentence of only four years. When questioned by the district judge during his plea hearing, Dugan denied that he had received any promises in connection with his guilty plea. The district court, on the basis of Dugan's testimony at his guilty plea hearing, denied the section 2255 motion without conducting an evidentiary hearing. On appeal, this Court distinguished *Bryan* and held that Dugan was entitled to a hearing because his petition was accompanied by credible affidavits that raised a substantial inference of an unkept plea bargain. *Id.* at 233.

■ *Dugan* is controlling here because the petitioner's allegations of an unkept plea bargain, although contradicted by his testimony at his sentencing hearing, are not without support. The affidavit of Agent Clark that was submitted by the government in the civil case states that Clark was authorized by Assistant United States Attorney Ethington to advise McCord that the government would consider a plea of guilty to one count in exchange for McCord's cooperation. The government argues that the Clark affidavit does not require an evidentiary hearing because the affidavit was not introduced in the section 2255 proceeding and does not support each of McCord's allegations.

The Magistrate who considered this case was aware of the affidavit's content; he

5. In *Bryan v. United States*, 5 Cir. en banc 1974, 492 F.2d 775, a section 2255 petitioner moved to vacate a sentence imposed upon his convictions for bank robbery and escape from federal custody. The petitioner alleged that during plea negotiations the government had conditionally offered concurrent rather than consecutive sentences in return for his plea of guilty. *Id.* at 779. He did not contend that his plea had been coerced by physical abuse or threats. In support of his allegations of a broken plea agreement, Bryan tendered only his

own affidavit. The affidavit directly contradicted his statements at his guilty plea hearing that his plea had not been coerced or evoked by a promise of a lighter sentence. The district court, without conducting a hearing, denied the petitioner relief. The en banc court affirmed the district court on the ground that an evidentiary hearing is not required when a petitioner's uncorroborated allegations of an unkept plea bargain are directly contradicted by his testimony at the time of sentencing. *Id.* at 780.

had handled McCord's civil suit. **Significantly** the record shows that the **Magistrate** treated the civil suit and the section 2255 petition as connected cases.[6]

We do not quarrel with the government's argument that the Clark affidavit does not verify every allegation advanced by McCord. The Clark affidavit does not directly support McCord's contention that the government originally promised him probation in return for his cooperation. The affidavit does not deny, however, that probation was discussed. The affidavit squarely states that Clark was authorized to inform McCord that the government would consider a plea of guilty to one count in return for his cooperation. Admittedly, the affidavit does not confirm that the offer was conveyed to McCord, but the converse is also true. The affidavit does not deny that the offer was made. In short, an ambiguity exists regarding whether the government originally promised McCord that he would be permitted to plead guilty to only one count of the indictment. In view of the substantial difference between the likely period of incarceration that would accompany a conviction on one count rather than three, we cannot say that McCord's allegations are unworthy of serious consideration.[7]

Significantly, neither the Magistrate's "Findings, Conclusions, and Recommendation" nor the district court's order in this case mentions the Clark affidavit. The Magistrate's recommendation, as adopted by the district court, states only that "in view of [the] unequivocal testimony by the petitioner and his attorney [that the plea agreement recited by the United States Attorney at the Rule 11 hearing was absolutely correct in every respect,] he is not entitled to relief on his belated claim of promises of minimum or probated sentences. See *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974)". In addition to ignoring the Clark affidavit, the Magistrate's report is conspicuously silent with respect to *Dugan* and later cases that compel an evidentiary hearing when a petitioner's allegations are supported by credible affidavits of reliable third parties. *See, e. g., United States v. Sanderson*, 5 Cir. 1979, 595 F.2d 1021, 1022; *Matthews v. United States*, 5 Cir. 1976, 533 F.2d 900, 901–03, *cert. denied*, 1977, 429 U.S. 1121, 97 S.Ct. 1156, 51 L.Ed.2d 571; *Vandenades v. United States*, 5 Cir. 1975, 523 F.2d 1220, 1223–24; *Dugan v. United States*, 521 F.2d at 233. The logical inference to be drawn is that the Magistrate erroneously concluded either that *Bryan* was controlling or that the petitioner's allegations of an unkept plea bargain were inconsequential per se because they were contradicted by his sworn testimony at the sentencing hearing.[8] In either case, the

---

6. *See* note 4 *supra*.

7. McCord cooperated extensively with the FBI investigators in the interim between his conversation with Clark and Kneir at the Dallas County Jail and his first discussion with Ethington. This suggests that McCord believed that a bargain had been reached during the jail house interview. When Ethington refused to permit McCord to plead guilty to only one count, McCord had substantially complied with the plea bargain as he says he understood it and had sacrificed much of his bargaining leverage. As McCord states, he may have had no choice but to accept Ethington's terms. McCord should not be summarily refused the opportunity to present evidence that contradicts his testimony at the time of his sentencing that he had not received a promise of a lighter or probated sentence.

8. The Magistrate's "Findings, Conclusions, and Recommendations" in the civil action also show that he misunderstood the applicable law:

> Plaintiff testified in the most unequivocal manner possible that there had been no promises or suggestions of leniency made in return for his guilty plea and he stated specifically that his plea was based only upon the fact that he was in fact guilty. It is well established in this Circuit that a defendant will not later be heard to complain that he swore falsely at plea proceedings. See *United States v. Barrett*, 514 F.2d 1241 (5th Cir. 1975); *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974). This case falls squarely within the rule of *Brazzell v. Adams*, 493 F.2d 489 (5th Cir. 1974); plaintiff is collaterally estopped by his testimony at his plea proceeding from now claiming that he was deceived and otherwise influenced in entering his plea of guilty.

The cases cited by the Magistrate were decided before *Blackledge* and *Dugan* were decided.

Magistrate's recommendation, as adopted by the district court, ignores the post-*Bryan* decisions of this Court.

We conclude that the Clark affidavit, by an affiant having firsthand knowledge of the plea-bargain, when considered in light of McCord's motion, the files, and the record, raises a sufficient inference of an unkept plea bargain to warrant an evidentiary hearing under the express provisions of section 2255. We advance no opinion as to the merits of McCord's petition. We hold, however, that he is entitled to an opportunity to present further testimonial or documentary evidence in support of his contentions.

At stake is not only the rights of a defendant who pleaded guilty to a crime. At stake is the honor of the United States. An evidentiary hearing will, if it can, enable the government to vindicate that honor.

The order of the district court is VACATED and this case is REMANDED for an evidentiary hearing.

FAY, Circuit Judge, dissenting:

Most respectfully, I dissent. Recognizing that this is a rather close case, I conclude its disposition is controlled by *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974) (*en banc*) and not *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975).

Judge Wisdom has fully and accurately set forth both the facts and legal authorities surrounding the issue before us. The key in this case is that McCord's allegations as to a "broken plea agreement" are totally *uncorroborated*. In *Dugan* the petitioner submitted two affidavits confirming that specific promises were made by both state and federal officials that he would receive a sentence of only four years. *Id.* at 233. As the majority opinion points out, the affidavit of Agent Clark supports McCord's allegations only so far as confirming that discussions were held and "that the government would consider allowing him to plead guilty to one count of the indictment" (majority opinion, 618 F.2d at 392). This is a far cry from confirming the existence of a pre-plea agreement.

A review of the records of our court convinces me that possible plea agreements are discussed in most cases. Indeed, it has become one of the most effective means of the government obtaining favorable witnesses in multi-defendant matters. If uncorroborated assertions of broken plea agreements are sufficient to require the holding of an evidentiary hearing, we have surely rendered the requirements of Rule 11 and *Bryan* nullities. Neither *Blackledge*[1] nor *Dugan* intended such consequences.

I would affirm the denial of the petition.

1.  *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).