United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-40733

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND CASTRO,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
(C-01-CV-495)

---

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We granted Roland Castro, federal prisoner No. 592532, a certificate of appealability on the issue whether the district court abused its discretion by failing to hold an evidentiary hearing to resolve conflicting affidavits concerning Castro's claim that his trial attorney was ineffective for failing to call

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eyewitnesses Jesse Ortiz and Roque Resendez to testify at Castro's trial for being a felon in possession of a firearm.

Castro alleged that Ortiz and Resendez would have testified that Castro did not possess a firearm, and he supported his 28 U.S.C. § 2255 motion with the affidavits of Ortiz and Resendez. In response, the Government submitted the affidavit of Castro's trial attorney, Assistant Federal Public Defender Robert Carlin, explaining why he did not call Ortiz and Resendez to testify at trial. Under the facts sworn to by counsel, the decision not to call Ortiz and Resendez was clearly a reasonable trial strategy. The district court denied § 2255 relief without holding an evidentiary hearing to resolve the conflicts in the affidavit evidence because it concluded that Castro could not demonstrate that he was prejudiced by counsel's decision not to call Ortiz and Resendez to testify.

When facts are at issue in a § 2255 proceeding, a hearing is required if 1) the record, as supplemented by the trial judge's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for § 2255 relief; and 2) the movant would be entitled to post-conviction relief as a legal matter if his factual allegations are true.[1] In this case, the record alone does not support the district court's finding of no prejudice.

---

[1] *Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979); *see United States v. Briggs*, 939 F.2d 222, 228 (5th Cir. 1991).

In light of the conflicting affidavit evidence, the district court abused its discretion by denying Castro's motion without either holding an evidentiary hearing or citing the court's personal knowledge or recollection of the trial to support its determination that Castro could not demonstrate that he was prejudiced by counsel's failure to call Resendez and Ortiz to testify.[2]  Accordingly, the denial of § 2255 relief is vacated and the case is remanded to the district court for proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[2] *Friedman*, 588 F.2d at 1015; *see United States v. McCord*, 618 F.2d 389, 393-95 (5th Cir. 1980).

3