**John Ward TATE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16530.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error,

Larry Derryberry, Atty. Gen., James L. Gullett, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

John Ward Tate, hereinafter referred to as defendant, filed a Petition for Post Conviction Relief in the District Court of Tulsa County, and upon the hearing of the same, relief was denied, and from said Order Denying Post Conviction Relief, a timely appeal has been perfected to this Court.

The record reflects that the defendant was found guilty by a jury of the offense of Burglary in the Second Degree, After Former Conviction of a Felony, on September 15, 1965. Defendant was formally sentenced to a term of not less than five years, nor more than fifteen years, on September 17, 1965. Defendant's Motion for New Trial was overruled on November 19, 1965, wherein he gave Notice of Intent to Appeal. Thereafter, on January 10, 1966, defendant appeared in open court and with his attorney and withdrew his Notice of Intent to Appeal.

On February 9, 1971, defendant filed an Application for Post Conviction Relief asserting that the judgment and sentence should be modified for the reason that he was viewed in jail by members of the jury panel. The trial court, upon hearing the evidence, denied the Application for Post Conviction Relief, ruling that the defend-

ant knowingly and voluntarily waived his ground when he withdrew his Notice of Intent to Appeal, and cannot re-raise it in an Application for Post Conviction Relief.

We concur with the ruling of the trial court. Title 22 O.S.Supp.1970, § 1086 provides as follows:

"All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application."

Defendant first raised the ground that he was observed by jurors in his Motion for New Trial. The record affirmatively reflects that defendant, with counsel, thereafter knowingly and voluntarily, after being thoroughly advised of the consequences, withdrew his Notice of Intent to Appeal. Section 1086, supra, specifically states that any ground finally adjudicated, knowingly, voluntarily, and intentionally waived in the proceeding, which resulted in the conviction, cannot be the basis for a subsequent application, unless the court finds ground for relief asserted which, for sufficient reason, was not asserted or was inadequately raised in the prior application.

We are of the opinion that the defendant knowingly, voluntarily, and intelligently waived this ground, and that his application does not show sufficient reason to permit him to re-assert it. To the contrary, the trial court vividly remembered defendant's case, and stated in his ruling:

"And we were particularly cautious from that point on to see that none of those jurors who toured the jail sat as jurors in any particular case. I am satisfied the record in the Tate case would show that jury was free from any contamination." (R. 29.)

The Order of the trial court denying Application for Post Conviction Relief is affirmed.

NIX and BRETT, JJ., concur.