James L. COODY, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 77–2096
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

En banc Court Dissolved and Case Remanded to Panel Jan. 18, 1979.

Feb. 2, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

James L. Coody, pro se.

Suanne Steinman, Atlanta, Ga., for petitioner-appellant.

John P. Volz, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., Katherine Winfree T. G. Gilinsky, Washington, D. C., for respondent-appellee.

## ORDER DISSOLVING EN BANC COURT

Before BROWN, Chief Judge, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.

BY THE COURT:

This case having been considered on briefs by the court en banc pursuant to the order entered on June 19, 1978, 576 F.2d 106 (5 Cir. 1978), it is ORDERED that the en banc Court convened to consider this case is hereby DISSOLVED and the cause is remanded to the panel.

Before THORNBERRY, RONEY and RUBIN, Circuit Judges.

PER CURIAM:

We have reconsidered our decision in light of the court's en banc opinion in *Keel v. United States*, 5 Cir. 1978, 585 F.2d 110, 113. Although plaintiff established that the trial court failed to comply literally with the requirements of Rule 11, no prejudice resulted from this failure in that the error was not of sufficient magnitude to amount to "a fundamental defect which inherently results in the miscarriage of justice," nor, if the test mentioned in Judge Rubin's concurring opinion is applied, was it "likely to have been a material factor af-fecting the petitioner's decision to plead guilty." The government has borne the burden of establishing that the defendant in fact understood the charges against him and the maximum penalty that could be imposed. Under these circumstances, the court's failure to comply literally with Rule 11 could not have been a material factor in defendant's decision to plead guilty.

So much of the panel opinion as reversed the district court and remanded for a new trial is vacated, and the district court is AFFIRMED.