**Ralph Edward PHILLIPS,**
**Petitioner-Appellant,**

v.

**A.I. MURPHY and Michael Turpen,**
**Respondents-Appellees.**

No. 84-1841.

United States Court of Appeals,
Tenth Circuit.

July 16, 1986.

Ralph Edward Phillips, pro se.

Before HOLLOWAY, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.

HOLLOWAY, Chief Judge.

In accordance with 10th Cir. R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the brief of the petitioner-appellant and the record. The State of Oklahoma filed no brief in this case.

This is an appeal from an order of the district court dismissing the petitioner's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. The petitioner pled guilty in two separate state cases. In CRF 80-346, the petitioner was charged with lewd molestation of a minor. In CRF 80-653, the petitioner was charged with one count of robbery with a firearm, one count of first-degree rape, three counts of sodomy, and two counts of kidnapping for extortion. The state trial judge sentenced the petitioner to eighty years' imprisonment in CRF 80-653 and five years' imprisonment in CRF 80-346, with the sentences to run consecutively, for a total of eighty-five years. I R. 30.

The petitioner argues that he should have been accorded an evidentiary hearing and that his guilty plea was the product of a misunderstanding and was not intelli-

gently made. Both of these allegations rest on the contention that there was an agreement the petitioner would receive a forty-year sentence for pleading guilty. The petitioner further alleges his guilty plea is invalid since he was not placed under oath as a witness at the time of the plea proceedings.

We turn first to petitioner's proposition that he should have received an evidentiary hearing because there were material issues of fact in question raised by his post-conviction proceeding and that he was therefore denied due process and equal protection guaranteed by the Fourteenth Amendment.

■ It is true that "[w]here the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding." *Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963). Nevertheless the Supreme Court has made clear that "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible...." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (citations omitted).

■ We are convinced that in the circumstances of petitioner's case a federal evidentiary hearing was not required. He argues on appeal that his guilty plea was the product of misunderstanding and not intelligently entered, but was given because of misrepresentation. More specifically, he asserts that he was led to believe that there was "some kind of agreement that for a plea of guilty he would receive 40 years and never understood that the 80 years was in fact what he was receiving, had appellant understood this he would have not entered a plea." Memorandum in Support of Appellant's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 at 7. His petition in federal court alleged that the "District Attorney was to recommend a forty (40) year sentence."

This allegation was unsupported by specifics as to when or how such an understanding was made. Moreover the assertion is one which is wholly incredible in light of the careful, detailed, and specific questioning of the State District Judge. He specifically asked the petitioner if he had "heard the court be advised that there were no negotiations between the District Attorney's Office and your lawyers whereby there would any type of a recommended sentence to be presented to the court?" The petitioner responded in the affirmative as he did when he was asked whether he had heard that the sentence "would be left to the discretion of the court." I R. 42. The petitioner confirmed that he was aware of this. The "Transcript of Hearing on Plea of Guilty" of February 21, 1981, in Garvin County, Oklahoma, *id.* at 37–50, shows that the State District Judge extensively inquired of the petitioner concerning his understanding of his rights that were being waived by the plea of guilty. The hearing concerned both pleas, that in CRF–80–346 and in CRF–80–653 of the State Court. The court inquired, and the petitioner confirmed, that it was his desire to waive his right to trial by jury. *Id.* at 41. The Judge referred to the court having been advised that there were no negotiations between the district attorney's office and petitioner's lawyers for any type of a recommended sentence to be presented to the court and that the sentence would be left to the discretion of the court, and the petitioner was asked if he was aware of that and answered affirmatively. *Id.* at 42. Petitioner did not wish to waive a pre-sentence investigation and that was not waived.

We note particularly that the Judge inquired whether petitioner was aware of the action in the related case where defendant Munn was charged conjointly with petitioner as to the offenses charged in No. CRF–80–653 (alleging robbery with a firearm, first degree rape, sodomy, and kidnapping

for extortion). Petitioner confirmed that he was aware of the verdict in that case. The court then stated that he assumed petitioner was aware the court would probably take that verdict into consideration also in determining what punishment should be meted out in the case before the court. *Id.* at 43. Earlier the court had referred to defendant Munn receiving a total, the court believed, of seventy-seven years, which was confirmed by one attorney for the petitioner Phillips. *Id.* at 40.

The court inquired, and petitioner confirmed, that a plea of guilty would be an admission that he did the acts charged. *Id.* at 45. The court inquired, and petitioner confirmed, also that his wish to enter a plea of guilty was a free and voluntary act on his part. Then the court specifically asked "[a]nd you are not entering a plea of guilty because of any force, or threats or inducements made to you or made upon you by any officer, any attorney or anyone else?" The petitioner replied "No, sir." *Id.* at 47.

At the conclusion of the proceeding on the pleas, the State District Judge found that the petitioner fully understood and comprehended the nature and consequences of his acts; that he was acting freely and voluntarily and upon his own volition and accord; and that he was entering a plea because of his own feelings and convictions that he was guilty. The court thereupon accepted the plea in both cases CRF–80–346 and CRF–80–653. *Id.* at 48.

There are significant findings and conclusions stated in the ruling of the State District Judge on petitioner's application for State post-conviction relief on December 7, 1982. We note that the same State District Judge accepted the pleas, sentenced the petitioner, and ruled on his application for state post-conviction relief. The court did not conduct an evidentiary hearing but made the findings on the record and prior proceedings. The court referred to its earlier finding that petitioner, in entering his pleas, was acting with full knowledge of the consequences of his plea, and that the court had found that the petitioner was acting freely and voluntarily and that the plea was entered "without negotiations with the office of the District Attorney, and that the court would assess punishment after Pre-Sentence Investigation." *Id.* at 28. The court concluded that defendant knowingly, freely and voluntarily waived his right to trial by jury and that he knowingly, freely and voluntarily entered a plea of guilty in both cases. The court concluded that the matter was a question of law and did not require an evidentiary hearing and that the petitioner was not entitled to post-conviction relief. *Id.* at 32–33.

In light of the detailed record and findings, particularly the reference in petitioner's presence to the seventy-seven year sentence in the companion case, and the petitioner's awareness of statements in court that there were no negotiations on the sentence, we conclude the assertions of petitioner are wholly incredible and do not require a federal evidentiary hearing. *Blackledge v. Allison,* 431 U.S. at 74, 97 S.Ct. at 1629.[1]

---

1. A perusal of the crimes charged and the sentences specified for those crimes supports our conclusion in this case. In CRF 80–346, the petitioner was charged with one count of lewd molestation of a minor, punishable by imprisonment in the Oklahoma State Penitentiary for a term of not less than one year nor more than 20 years. Okla. Stat. tit. 21, § 1123 (Supp.1985). In CRF 80–653, the petitioner was charged on several serious counts. First, the petitioner was charged with one count of robbery with a firearm, punishable by imprisonment for a term of not less than five years to imprisonment for life at hard labor. Okla. Stat. tit. 21, § 801 (Supp. 1985). Second, the petitioner was charged with one count of first-degree rape, punishable by

death (which could not now apply under federal constitutional law) or by imprisonment for a term of not less than five years to life. Okla. Stat. tit. 21, § 1115 (1981). Third, the petitioner was charged with three counts of sodomy, each count punishable by imprisonment for a term of not more than ten years. Okla. Stat. tit. 21, § 888 (1981) (the punishment was increased to a term not to exceed twenty years shortly after the petitioner entered his guilty pleas, *see* Okla. Stat. tit. 21, § 888 (Supp.1985)). Finally, the petitioner was charged with two counts of kidnapping for extortion, each count punishable by death (which could not now apply under federal

Furthermore when examining a state court's findings of historical fact, the federal court in a habeas case generally must apply a "presumption of correctness" standard, pursuant to 28 U.S.C. § 2254(d). *Patton v. Yount,* 467 U.S. 1025, 1036–40, 104 S.Ct. 2885, 2891–93, 81 L.Ed.2d 847 (1984); *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). Recently, in *Miller v. Fenton,* — U.S. ——, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985), the Supreme Court did hold that the ultimate question whether, under the totality of the circumstances, a challenged confession was obtained in a manner compatible with the requirements of the Constitution is a matter for independent federal determination. *Id.* at ——, 106 S.Ct at 449. We believe nevertheless that the Court's earlier decision in *Marshall v. Lonberger,* 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983), is controlling here. There the Court held that in cases of such challenges to guilty pleas, while the question whether a plea of guilty "is voluntary for purposes of the Federal Constitution is a question of federal law ..., and not a question of fact subject to the requirements of § 2254(d)....," questions of historical fact and the inferences that can properly be drawn regarding those historical facts are governed by the provisions of § 2254(d). *Marshall,* 459 U.S. at 431–32, 103 S.Ct. at 849 (citations omitted); *see also Miller,* — U.S. at ——, 106 S.Ct. at 449. In *Marshall,* the Court held that factual conclusions which the federal habeas courts were bound to respect under § 2254(d) included the contents of the State Court records, the finding that the respondent was an intelligent individual, well-experienced in the criminal processes and well represented by competent and capable counsel, and the inferences fairly deducible from these facts. *Marshall,* 459 U.S. at 435, 103 S.Ct. at 851.

■ We conclude that the State Court's finding that there were no plea negotiations is clearly one of historical fact subject to the § 2254(d) presumption.[2] We accept that finding, which is dispositive of petitioner's principal claim for federal habeas relief. Moreover, as to the question of federal law of the voluntariness of the pleas of guilty, we agree with the conclusion of voluntariness of the State District Judge and the federal district court, and uphold those conclusions of federal law. Moreover, we uphold the determination of the federal district court to dismiss the

---

constitutional law) or by imprisonment not less than ten years. Okla. Stat. tit. 21, § 745 (1981).

Assuming the imposition of a one year sentence for each sodomy count, the petitioner could not have received a sentence of less than 34 years. The petitioner could have received a maximum sentence of fifty years and four life sentences (several of the life sentences could have been set for a term of years). It is also worth noting that the State District Attorney recommended that the sentence be set at 2000 years. I R. 30. This recommendation was made at the sentencing hearing and in the presence of the petitioner and his two counsel. *Id.*

2. The State District Judge recited in his order of December 7, 1982, denying post-conviction relief that the court had, when petitioner first advised the court he wished to enter guilty pleas on February 19, 1981, conducted a hearing. Then "after extensive inquiry of the defendant the Court found that the defendant was acting with full knowledge of the consequences of his plea, and that he was acting freely and voluntarily, and that *the plea was entered without negotiations with the office of the District Attorney,*

*and that the Court would assess punishment after Pre-Sentence Investigation."* I R. 28. (emphasis added).

The foregoing statement was made in the State District Court's December 7, 1982 "Ruling of Court on Application of Defendant For Post-Conviction Relief." I R. 28. We do not have in our record the transcript of the hearing on February 19, 1981, referred to by the State Judge or the findings thereon that he refers to above. However, we do have the transcript of the hearing when the guilty pleas were actually accepted, I R. 37–50, on February 27, 1981, summarized in detail in the text earlier in this Order and Judgment. The State Judge thus restated his finding that there were no plea negotiations in his order of December 7, 1982, denying petitioner's State Court post-conviction application, after having himself heard the statements of petitioner and counsel at the February 27, 1981 plea proceedings, detailed earlier.

We are satisfied that the finding of historical fact that there were no plea negotiations is supported by the record of the plea proceedings on February 27, 1981.

petition without a federal evidentiary hearing.

The petitioner argues that he should have been placed under oath at the time of the plea proceeding and that the failure to do so invalidates the proceeding. He relies on *Coody v. United States*, 570 F.2d 540 (5th Cir.1978), *vacated*, 588 F.2d 1089 (5th Cir.1979) (per curiam) (5th Cir.1978), and the supervisory rule in the Fifth Circuit that the defendant be placed under oath when the court inquires as to plea agreements. *See Bryan v. United States*, 492 F.2d 775, 781 (5th Cir.1974) (en banc), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674.

There are some Circuits where such a supervisory rule has been adopted.[3] The Tenth Circuit has not adopted such a rule, and the *Coody* and *Bryan* cases intimate no constitutional basis for that procedural rule. The statements made in open court are accepted in our circuit and we perceive no impediment in the State Court proceedings because the petitioner was not placed under oath at the time the plea proceedings were held.

Accordingly, we conclude that the petitioner has shown no grounds for the reversal of the order dismissing his petition for habeas relief and the judgment is

AFFIRMED.

---

**3.** The petitioner cites *Coody v. United States*, 570 F.2d 540, 541 (5th Cir.1978) (per curiam), *vacated*, 588 F.2d 1089 (5th Cir.1979)) (per curiam), for the proposition that the failure to place him under oath before pleading guilty should have resulted in reversible error. *Coody*, and the case it relies on, *Bryan v. United States*, 492 F.2d 775, 781 (5th Cir.) (en banc), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974), involve alleged violations of Fed. R. Crim. P. 11. These cases do not stand for the proposition that placing a defendant under oath before he pleads guilty is a constitutional requirement. To the contrary, this Fifth Circuit requirement rests not even on Rule 11, but upon the court's inherent supervisory powers. As such, these cases do not aid the petitioner's argument in these circumstances.