Phillip Dewitt SMITH, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. PC–88–846.

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1992.

Mandy Welch, Deputy Appellate Public Defender, Norman, for petitioner.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Elizabeth J. Bradford, Wellon B. Poe, A. Diane Hammons, Diane L. Slayton, Steven S. Kerr, Asst. Attys. Gen., Oklahoma City, for respondent.

## OPINION DENYING POST-CONVICTION RELIEF

LUMPKIN, Vice–Presiding Judge:

Petitioner Phillip DeWitt Smith has appealed to this Court from an order of the District Court of Muskogee County denying his application for post-conviction relief in Case No. CRF–83–659. Petitioner's first degree murder conviction and death sentence were affirmed by this Court in *Smith v. State*, 737 P.2d 1206 (Okl.Cr.1987). The United States Supreme Court subsequently denied a Petition for Certiorari. *See Smith v. Oklahoma*, 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987).

In January 1988, Petitioner filed an Application for Post–Conviction relief in the district court. An evidentiary hearing was held in February of that year. The district court denied relief on September 13, 1988. It is this denial which the Petitioner appeals.

Petitioner raises nine (9) propositions of error. Several of these propositions contain numerous separate allegations of error. We have reviewed each and every claim of error and find that all of the claims except one are barred. Many of these allegations were raised on direct appeal and are therefore barred by *res judicata*. *Castro v. State*, 814 P.2d 158 (Okl.Cr.1991); *Hale v. State*, 807 P.2d 264 (Okl.Cr.1991); *Coleman v. State*, 693 P.2d 4 (Okl.Cr.1984); 22 O.S.1981, § 1086. While other allegations could have been raised on direct appeal, but were not, further consideration of those claims has therefore been waived. *Jones v. State*, 704 P.2d 1138, 1140 (Okl.Cr.1985); *Smith v. State*, 546 P.2d 1351 (Okl.Cr.1976); 22 O.S.1981, § 1086.

Petitioner's first allegation, that he was denied effective assistance of counsel during the sentencing stage of his trial, was raised on direct appeal and is again raised on post-conviction. Petitioner goes to great lengths to present evidence which he asserts is mitigating and which should have been presented during the second stage of trial. However, what Petitioner fails to do is support his argument with any legal authority.

■■ An application for post-conviction relief may not be founded on any ground which was not raised or which was knowingly, voluntarily, and intelligently waived in the proceeding which resulted in the conviction or sentence unless the defendant shows sufficient reason why the ground was not asserted or why it was inadequately raised in any other proceeding. *Tate v. State*, 489 P.2d 501 (Okl.Cr.1971). Title 22 O.S.1981, § 1051, provides for a direct appeal and the defendant may not, thereafter, assert error in piecemeal fashion under the route of post-conviction. It is not the office of the Post–Conviction Procedure Act, 22 O.S.1981, § 1080 *et seq.*, to provide a "second appeal under the mask of post-conviction application." *Ellington v. Crisp*, 547 P.2d 391, 393 (Okl.Cr.1976). Therefore, only one of the multiple propositions presented is viable, as a matter of law, for review by this Court at this time.

■ Further, Petitioner may not obtain review of an issue raised previously by presenting it in a slightly different manner on post-conviction. Here, Petitioner has pointed out specific instances of alleged ineffectiveness different from those instances raised on direct appeal. However, by failing to assert that the issue was inadequately raised on direct appeal, he may not now have a second appeal of the issues under the "mask of post-conviction."

Other allegations of error raised on direct appeal and raised again on post-conviction include the State's use of testimony by Billy Joe Dixon concerning Petitioner's outstanding arrest warrants (raised in his third allegation of error); improper testimony by the medical examiner concerning hair found in the victim's hands (raised in his sixth allegation of error); that the instructions given during the second stage of trial precluded the jury from considering relevant mitigating evidence and thereby deprived Petitioner of his right to an individualized determination of his sentence (raised in his seventh allegation of error); and that the aggravating circumstances of "continuing threat" and "especially heinous, atrocious or cruel" were applied in an unconstitutional manner (raised in Petitioner's eighth and ninth allegations of error respectively). As all of these allegations of error were raised on direct appeal and fully addressed by this Court, we will not consider them further.

■ Other allegations of error raised now on post-conviction were not raised on direct appeal but could have been. These include a challenge to Billy Joe Dixon's second stage testimony concerning a "shank" found underneath Petitioner's mattress (raised in his third allegation of error); and the failure of the prosecution to disclose that Victor Hickman had made prior inconsistent statements that were material to Petitioner's defense (raised in his fifth allegation of error). As these issues could have been raised on direct appeal and Petitioner has failed to explain why they were not, he has waived further review.

In his second allegation of error, Petitioner contends that insufficient evidence was presented to support a finding of guilt. Specifically, Petitioner argues that newly discovered evidence shows that Billy Joe Dixon's testimony has been so thoroughly discredited as to render it unbelievable and without Dixon's testimony, the evidence was insufficient to prove first degree murder.

■ Petitioner brings this issue to the Court pursuant to 22 O.S.1981, § 1080, asserting that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice.

Petitioner asserts that Dixon's testimony has been discredited by evidence that (1) Dixon was encouraged to believe he would receive leniency in exchange for his testimony; (2) Dixon expected to receive leniency and agreed to testify in order to avoid going to the penitentiary; (3) Dixon did in fact receive a lenient sentence after his testimony; and (4) Dixon admitted to several people that his testimony that the Petitioner killed the deceased was false.

The only part of these allegations which constitute material facts not previously heard is that Dixon's testimony at Petitioner's trial was false. It was established at the evidentiary hearing that subsequent to Petitioner's trial, allegations arose that Dixon's testimony was false. Robert Watkins, a cell mate of Dixon's at the time of Petitioner's trial, testified at the evidentiary hearing that Dixon had confessed that he had lied on the witness stand and that Petitioner did not say that he had killed the deceased.

In a very thorough evidentiary hearing on this issue, Dixon testified that any allegations that he lied on the witness stand were not true. He was adamant that his testimony at Petitioner's trial was the truth and that it was not given based upon any promises of lenient treatment made by the prosecution. Even in the face of extensive cross-examination, Dixon did not retreat from his position. In addition, the evidence presented by the Petitioner did not support the allegations against Dixon.

It appears from the record that these allegations concerning the veracity of Dixon's testimony arose after the direct appeal and therefore fall under the category of newly discovered evidence. We have thoroughly reviewed this evidence and find that it is not sufficient to warrant relief.

■ The Petitioner bears the burden of proving the existence of a probability that the newly discovered evidence, if presented at trial, would have changed the jury's verdict. *Green v. State*, 713 P.2d

1032, 1037 (Okl.Cr.1985). A new trial based upon newly discovered evidence will not be granted where the new evidence only tends to discredit or impeach the witness for the State and where it would not change the result of the trial. *Godbey v. State,* 731 P.2d 986, 988 (Okl.Cr.1987); *Trowbridge v. State,* 502 P.2d 495, 508 (Okl.Cr.1972).

Although the evidence of guilt at Petitioner's trial was circumstantial, adding the testimony of Watkins that Dixon lied about Petitioner's confession to the murder and Dixon's testimony that he told the truth about Petitioner's confession, we find that the outcome of the trial would not change. Billy Joe Dixon was thoroughly cross-examined at trial concerning his role as a police informer and any promises of leniency made in exchange for his testimony.[1] Accordingly, we find that the discovery of the new evidence warrants no relief.

In his fourth allegation of error Petitioner contends that he was denied a fair trial through the use of evidence provided by police informants. On direct appeal, Petitioner only complained that the trial court failed to give the jury a cautionary instruction concerning the credibility of police informers. As this issue was fully addressed by this Court and as Petitioner failed to raise the specific issue now presented, he

has waived further consideration of the issue.

Having carefully examined Petitioner's application and the District Court's findings of fact and conclusions of law, we find that Petitioner is not entitled to relief and the order of the District Court should be, and is hereby AFFIRMED.

LANE, P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

On direct appeal, this writer dissented on the basis of the introduction of extremely inflammatory autopsy photographs at appellant's trial. Although I continue to adhere to the separate opinion I expressed therein, said issue is barred from relitigation on the basis of *res judicata.* Accordingly, I must concur in the instant opinion.

---

1. The issue of Billy Joe Dixon's credibility as a witness and any promises of leniency made to him by the prosecution will not be addressed further as these issues could have been raised on direct appeal, but were not.