16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles H. LOPEZ, Jr., Petitioner-Appellant,
v.
Charles D. MARSHALL, Warden; Attorney General of the State
of Oklahoma, Respondents-Appellees.
 No. 93-7076.
 United States Court of Appeals, Tenth Circuit.
 Jan. 28, 1994.
 
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Charles Henry Lopez (Lopez), appearing pro se, appeals from the district court's order dismissing his Petition for Writ of Habeas corpus filed pursuant to 28 U.S.C. 2254. The court dismissed on the grounds that the three issues advanced were not raised in Lopez's direct appeal to the Oklahoma Court of Criminal Appeals and are, therefore, procedurally barred under the law of Oklahoma.
 
 
 3
 Lopez is an inmate in the State of Oklahoma, serving (1) a twenty (20) year sentence following jury conviction for injuring a public building after conviction of a felony on April 15, 1987, in CRF-86-227, and (2) ninety-nine (99) year sentences following jury convictions for assault and battery with a dangerous weapon after former conviction of felony in CRF-86-223 and assault and battery with a dangerous weapon after former conviction of a felony in CRF-86-225. Lopez appealed these convictions to the Oklahoma Court of Criminal Appeals, and all were affirmed on February 11, 1991.
 
 
 4
 Lopez filed an application for post-conviction relief on October 21, 1991, and following its denial, he appealed to the Oklahoma Court of Criminal Appeals. That court affirmed the denial of relief on July 1, 1992.
 
 
 5
 Thereafter, Lopez filed three federal habeas corpus petitions on September 3, 1992, challenging his state convictions. These petitions were consolidated. Following a response and traverse thereto, the district court entered its Order of Dismissal on June 16, 1993. In his habeas petitions, Lopez raised the issues of violation of his right to a speedy trial, improper denial of his motion for a continuance, and ineffective assistance of counsel.
 
 
 6
 On appeal, Lopez argues that because his appellate counsel did not raise the issue of Lopez's denial of a speedy trial on appeal, his convictions were not reversed, all as a result of his appellate counsel's ineffectiveness. He requests that this court reverse his convictions with prejudice against refiling.
 
 
 7
 The record is clear that Lopez did not raise the issues of denial of a speedy trial or denial of his right to compulsory process by refusal to grant him a continuance on direct appeal. Lopez did, however, attempt to raise these issues in a supplemental brief which was not considered because it was filed out of time and thereafter in his petition for post-conviction relief. The state district court refused to consider these issues because they could have been or should have been fully litigated during trial or during the appeals process. The Oklahoma Court of Criminal Appeals affirmed on the basis of the state's waiver/bypass rule and also held that Lopez had failed to establish ineffective assistance of appellate counsel.
 
 
 8
 The Court of Criminal Appeals rested its decision to refuse to consider the speedy trial and continuance issues on an adequate and independent state ground, specifically Lopez's failure to present these issues on direct appeal as required by 22 Okla. S.1981 1080-1088, coupled with his failure to show cause why he did not present these claims on appeal. In Williams v. State, 852 P.2d 167 (Okla.Crim.App.1993), petition for cert. filed, --- U.S. ---- (U.S. Sept. 1, 1993) (No. 93-5893), the court held that it is not the office of post-conviction procedure to provide a second appeal under the mask of a post-conviction application. That same court has held that allegations are waived if they are raised for the first time in a post-conviction petition but were not raised on direct appeal. Smith v. State, 826 P.2d 615 (Okla.Crim.App.), cert. denied, --- U.S. ---- (1992).
 
 
 9
 It is well established that absent either a miscarriage of justice or other unusual circumstances not present here, state procedural defaults waive both state and federal review of underlying constitutional claims. Coleman v. Thompson, --- U.S. ----, 111 S.Ct. 2546, 2565 (1991). Furthermore, the miscarriage of justice doctrine is reserved for the most extraordinary cases. In Coleman, the court stated that the petitioner was obligated to follow state procedural rules and in the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors.
 
 
 10
 Here, Lopez seeks to excuse his failure to raise the issues on direct appeal based on his assertion that his appellate counsel was ineffective in failing to raise them. The district court cited Murray v. Carrier, 477 U.S. 478, 492 (1986) for the rule requiring a federal habeas petitioner to show both "actual cause" for the procedural default in state court and "prejudice," and further, that the prisoner must, in order to demonstrate cause ... "show that some objective factor external to the defense impeded ... efforts to comply with the state procedural rules," such as discovery of new evidence, a change in the law, or interference by state officials. 477 U.S. at 488. Lopez has not made any such showing. As for prejudice, the district court, citing to United States v. Frady, 456 U.S. 152, 170 (1982) stated that Lopez must show "not merely that the errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Lopez has not made such a showing. Finally, the district court, relying on Smith v. Murray, 477 U.S. 527, 537 (1986) observed that, alternatively, a petitioner may prevail if he can demonstrate that denial of his claims will result in a fundamental miscarriage of justice, such as to establish that he is actually innocent of the crimes of which he was convicted. The district court found, and we agree, that petitioner has not demonstrated either cause or prejudice.
 
 
 11
 The district court applied the test established in Strickland v. Washington, 466 U.S. 668 (1984) to determine whether Lopez had demonstrated that his appellate counsel's performance was deficient and concluded that Lopez had failed to show ineffective assistance of counsel. We agree. Lopez has not demonstrated any actual prejudice. Furthermore, the court correctly concluded that there is no showing of a fundamental miscarriage of justice.
 
 
 12
 We AFFIRM.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----