**Filed 10/17/96**

# UNITED STATES COURT OF APPEALS

# TENTH CIRCUIT

| | |
|---|---|
| JOSEPH ANGELO DICESARE, | |
| Petitioner - Appellant, | No. 96-5092 |
| v. | N.D. Oklahoma |
| JACK COWLEY; ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | (D.C. No. 94-C-475-K) |
| Respondents - Appellees. | |

# ORDER AND JUDGMENT[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joseph Angelo DiCesare appeals from the district court order dismissing his section 2254 petition for a writ of habeas corpus and denying his motion for production of certain documents. We affirm.

In April of 1989, the state charged DiCesare with larceny of a domestic animal, namely a black heifer. On May 18, 1989, DiCesare attended the preliminary hearing without counsel, and moved to continue the preliminary hearing so his attorney could attend. The state objected to a continuance and after some discussion the court denied the motion without expressly indicating its reasons for doing so. The preliminary hearing proceeded with DiCesare acting pro se. At the conclusion of the preliminary hearing, the magistrate found sufficient evidence that DiCesare had committed larceny of a domestic animal after being formerly convicted of two felonies, and bound him over to state district court for arraignment. The magistrate told DiCesare to attend his arraignment[1] on June 15, 1989, and to have an attorney present.

DiCesare consulted with his attorney before the arraignment, but his attorney did not attend. On his attorney's advice, DiCesare pled not guilty to the charge and requested a jury trial. Several days before trial, DiCesare's attorney filed a motion seeking remand for a new preliminary hearing because DiCesare was not represented by counsel at the

---

[1] Under Oklahoma law, an "arraignment" is the proceeding at which the defendant enters a plea to a charge and, in the case of a felony, is held within 30 days after the defendant is bound over for trial following the preliminary hearing. See Okla. Stat. tit. 22, § § 451, 465, 470 (1992).

preliminary hearing. On August 31, 1989, the state district court heard testimony and argument concerning the motion for remand. DiCesare's attorney elicited testimony suggesting that DiCesare's former attorney had withdrawn from the case only one day prior to the preliminary hearing and that DiCesare had attempted to contact the prosecutor to seek a continuance. The state, on the other hand, elicited testimony suggesting that DiCesare's former attorney had withdrawn because DiCesare did not pay him in full and that DiCesare did not use diligent efforts to find other counsel until the day before the hearing. The state argued that DiCesare had asked for a continuance, as the state claimed he had on other occasions, as a ploy to seek delay.

After listening to the tape of the preliminary hearing, the tape of the arraignment, and the testimony and argument presented concerning the motion, the court denied the motion for remand for a new preliminary hearing. The court concluded that: (1) DiCesare had not waived his right to counsel at the preliminary hearing; (2) DiCesare had entered a plea of not guilty at his arraignment after consulting with and on the advice of his attorney; and (3) DiCesare had waived any irregularities, including the lack of counsel, at his preliminary hearing by pleading to the merits of the charge after consulting with and on the advice of his attorney.

On August 31, 1989, DiCesare was tried and convicted of larceny of a domestic animal after being formerly convicted of two felonies. The jury recommended a sentence of twenty-five years which was adopted and imposed by the court on December 1, 1989.

- 3 -

DiCesare's conviction was affirmed on direct appeal, see DiCesare v. Oklahoma, No. F-90-0597 (Okla. Crim. App. Nov. 12, 1993), and his request for state post-conviction relief was denied. See DiCesare v. Oklahoma, No. CRF 89-27 (Okla. Dist. Ct. Mar. 25, 1994), aff'd, No. PC-94-435 (Okla. Crim. App. Aug. 16, 1994).

On May 23, 1995, DiCesare filed this, his first federal petition for a writ of habeas corpus, raising numerous claims: (1) that the absence of defense counsel at the preliminary hearing violated his Sixth Amendment right to counsel; (2) that the absence of defense counsel at his arraignment violated his Sixth Amendment right to counsel; (3) that the state improperly presented evidence and commentary regarding other stolen cattle for which DiCesare was not charged; (4) that the state improperly commented on DiCesare's decision to not testify and failure to present evidence; (5) that the state improperly failed to follow Oklahoma's procedural rules regarding dismissing and refiling an information; (6) that the state improperly and incorrectly stated to the jury that DiCesare had pled guilty; (7) that there was insufficient evidence to prove the element of intent to steal beyond a reasonable doubt; (8) that there was insufficient evidence to prove the elements of taking and trespassing beyond a reasonable doubt; (9) that the state prosecutor improperly entered the room where the jury was deliberating and addressed the jury; (10) that trial counsel was ineffective; (11) that appellate counsel was ineffective for failing to fully develop the arguments regarding claim five and for failing to file a reply brief and petition for rehearing in order to clear up facts regarding claims one, two, and

five; and (12) that appellate counsel was ineffective for failing to raise claims eight, nine, and ten.

Claims one through eight[2] and claim eleven[3] have been fully exhausted in state court and, therefore, we consider them on the merits. As for all of these claims (other than lack of counsel at the preliminary hearing which we discuss in more detail below), we have carefully reviewed the record and have determined that, for substantially the reasons set forth in the district court opinion, filed on March 12, 1996, none state a constitutional violation.

DiCesare's claim that he was denied his Sixth Amendment right to counsel at the preliminary hearing warrants further comment. A preliminary hearing is a critical stage of the state's criminal process at which a defendant is entitled to the aid of counsel. Coleman v. Alabama, 399 U.S. 1, 10 (1970). The state trial judge held an evidentiary hearing and determined that DiCesare had not waived his right to counsel at the preliminary hearing and the record supports this conclusion. However, the denial of

---

[2] These claims were all raised on direct appeal and rejected by the Oklahoma Court of Criminal Appeals. See DiCesare v. Oklahoma, No. F-90-0597 (Okla. Crim. App. Nov. 12, 1993). Most of these issues were raised again in DiCesare's state petition for post-conviction relief and rejected again by the Oklahoma courts. See DiCesare v. Oklahoma, No. CRF 89-27 (Okla. Dist. Ct. Mar. 25, 1994), aff'd, No. P.C.-94-435 (Okla. Crim. App. Aug. 16, 1994).

[3] The ineffectiveness of appellate counsel, of course, was not raised on direct appeal. However, DiCesare did raise this issue in his state petition for post-conviction relief. The Oklahoma Court of Criminal Appeals concluded that this was the only claim which was not procedurally barred, but rejected it on the merits. DiCesare v. Oklahoma, No. PC-94-435 (Okla. Crim. App. Aug. 16, 1994).

counsel at a preliminary hearing is subject to harmless error review. Coleman, 399 U.S. at 10-11; Thomas v. Kemp, 796 F.2d 1322, 1326-27 (11th Cir.), cert. denied, 479 U.S. 996 (1986). DiCesare has not alleged that the uncounseled preliminary hearing prejudiced his trial in any way and after reviewing the trial transcript we agree with the district court that it did not. DiCesare only alleges that if he had been represented, counsel would have been able to discredit the state's case sufficiently to cause the magistrate not to bind over the case for trial. We are unpersuaded.[4]

The remaining claims--namely, insufficiency of the evidence to support trespassing and taking, that the state prosecutor addressed the jury during deliberations, and the ineffectiveness of trial counsel--were not addressed on the merits by the Oklahoma courts

---

[4] The state, in its brief to the federal district court, urged that this claim be dismissed on the theory that DiCesare failed to obtain counsel for the preliminary hearing and requested a continuance merely as a delay tactic. Presumably, the state's argument is that such conduct constituted an implicit waiver of the right to counsel. However, when the magistrate denied DiCesare's motion to continue he did not expressly rely on this theory and did not make any findings thereon. Likewise, when the state district court denied DiCesare's motion for remand for a new preliminary hearing it did not rely on this theory--even though the state strongly urged it to do so--and did not make any findings to support such a theory. Rather, the state district court concluded that DiCesare waived the irregularity of lack of counsel at his preliminary hearing by pleading to the merits of the charge. The Oklahoma Court of Criminal Appeals affirmed this conclusion. Without the benefit of any state court findings to support the conclusion that DiCesare waived his right to counsel by failing to use diligent efforts to obtain counsel and using the lack of counsel as a delay tactic, we decline to rely on it.

Because we dismiss DiCesare's claim regarding lack of counsel at his preliminary hearing on a harmless error analysis, we also do not reach the theory relied on by the Oklahoma courts that DiCesare waived the defect of lack of counsel at his preliminary hearing by subsequently pleading to the merits of the charge.

and, thus, are before us in a different posture. DiCesare did not raise these claims on his direct appeal and, accordingly, the Oklahoma courts ruled that they were procedurally barred when he attempted to raise them in his state petition for post-conviction relief. As for the claim of ineffective assistance of trial counsel, we have held that Oklahoma's rule barring this claim if not raised on direct appeal does not bar the claim on federal habeas review. See Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995). Thus, DiCesare can overcome the state procedural bar by showing cause and prejudice via his claim twelve, that his appellate counsel was ineffective for failing to raise these claims. See Coleman v. Thompson, 501 U.S. 722, 729-30, 750, 752 (1991).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that counsel's inadequate performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 691 (1984); United States v. Cook, 49 F.3d 663, 665 (10th Cir. 1995). If we conclude that DiCesare has failed to prove prejudice, then we need not review appellate counsel's performance. Strickland, 466 U.S. at 694. In order to prove prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

After considering DiCesare's claims of insufficient evidence and ineffective assistance of trial counsel and after carefully reviewing the record, we conclude that there is not a reasonable probability that the result of his trial would have been different and our confidence in his conviction is not undermined.

DiCesare's claim that the prosecutor entered the room where the jury was deliberating and addressed the jury is more troubling. The district court denied an evidentiary hearing on this claim, and DiCesare appeals that denial. DiCesare claims that while the jury was deliberating in the courtroom,[5] he saw the prosecutor enter the courtroom with a stack of papers and address the jury. He claims that when he saw this occurring he alerted his mother and she also approached the courtroom door and observed the prosecutor addressing the jury. DiCesare claims that he and his mother told the defense attorney, but that the defense attorney did not object or tell the judge what had occurred.

Ordinarily, the self-serving statement of a petitioner is not enough to support a habeas claim. See United States v. Wicks, 995 F.2d 964, 978 (10th Cir.), cert. denied, 510 U.S. 982 (1993); United States v. LaBonte, 70 F.3d 1396, 1412-13 (1st Cir. 1995), cert. granted, 116 S. Ct. 2545 (U.S. June 24, 1996) (No. 95-1726); Cuppett v. Duckworth, 8 F.3d 1132, 1139 (7th Cir. 1993), cert. denied, 510 U.S. 1180 (1994); Holloway v.

---

[5] The trial court decided to have the jury deliberate in the courtroom because it was the only air-conditioned room available in the building at that time. Trial Tr. at 132.

United States, 960 F.2d 1348, 1358 (8th Cir. 1992).  However, DiCesare has also submitted the affidavit of his mother which affirms in detail the facts he alleges.  The additional support provided by DiCesare's mother's affidavit raises serious concerns about the necessity of an evidentiary hearing on the merits of this claim.[6]  Nonetheless, we are disinclined to remand for an evidentiary hearing because DiCesare's claim that a state prosecutor addressed the jury during deliberations is palpably incredible and, thus, does not warrant one.  See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Machibroda v. United States, 368 U.S. 487, 495 (1962); Phillips v. Murphy, 796 F.2d 1303, 1304 (10th Cir. 1986); Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995); LaBonte, 70 F.3d at 1412-13.  Allegedly, DiCesare's defense attorney knew of the prosecutor's misconduct, yet did nothing; not a single juror informed the trial court or bailiff; and in the almost seven-year interval between the trial and the filing of DiCesare's federal habeas petition he has been unable to produce any affidavit from an independent source such as his defense attorney, any of the jurors, the bailiff, or other court personnel.  See Perillo v. Johnson, 79 F.3d 441, 444-45 (5th Cir. 1996) (habeas petitioner entitled to evidentiary

_____

[6] Because of the seriousness of this allegation and the support provided by DiCesare's mother's affidavit, the state should have responded to the issue of whether an evidentiary hearing is warranted. Instead, the state argued in the district court that the claim was procedurally barred and deferred making any argument on appeal until we decide whether to grant a certificate of appealability.  However, since determining whether the defendant is excused from procedural default generally requires us to evaluate the merits, cf. United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995), the state's input is important.

hearing because her claim that her trial counsel also represented prosecution witness was supported by affidavit from attorney familiar with facts); United States v. McCord, 618 F.2d 389, 394 (5th Cir. 1980) (habeas petitioner entitled to evidentiary hearing because his claim of an unkept plea bargain was substantiated in part by affidavit of FBI agent, a "reliable third part[y]"); Matthews v. United States, 533 F.2d 900, 902 (5th Cir. 1976) (habeas petitioner entitled to evidentiary hearing because his claim that judge threatened to give him ten year sentence if he did not plead guilty was substantiated by affidavits from defense counsel and his law partner), cert. denied, 429 U.S. 1121 (1977).

We construe DiCesare's application for a certificate of probable cause as an application for a certificate of appealability now required by 28 U.S.C. § 2253(c)(2). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996). The application is DENIED for want of "a substantial showing of the denial of a constitutional right," 28 U.S.C. 2253(c)(2), and the petition is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge