**Filed 12/9/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

TERRY WAYNE HOWELL,

      Petitioner - Appellant,

v.

H. N. SCOTT; and ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

No. 96-6183

W.D. Oklahoma

(D.C. No. CIV-96-15-R)

## ORDER AND JUDGMENT[*]

Before **ANDERSON**, **LOGAN**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered

submitted without oral argument.

Terry Wayne Howell appeals from an order dismissing his 28 U.S.C. § 2254

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

petition for a writ of habeas corpus. The district court concluded that Howell's ineffective assistance of counsel claim is without merit and his other claims are procedurally barred because he failed to perfect a timely appeal in the Oklahoma courts. We hold that none of Howell's claims have merit and, thus, we deny the application for a certificate of appealability and dismiss the appeal.

On January 14, 1992, Howell pled guilty to several drug charges: (1) trafficking in an illegal drug (based on his possession of a large quantity of methamphetamine), after former conviction of a felony; (2) possession of LSD, after former conviction of a felony; (3) possession of marijuana, second and subsequent offense; and (4) possession of cocaine, after former conviction of a felony. In return for his guilty pleas, the state dismissed a charge for possession of paraphernalia and agreed to recommend certain sentences. The state judge sentenced Howell consistent with the prosecutor's recommendations. The judge then explained to Howell the following regarding his right to appeal:

> The Court: Mr. Howell, you have the right to file a petition in the Court of Criminal Appeals for a Writ of Certiorari, which is a request that that court review your judgment and sentence. That may be granted or denied. Do you understand that?
>
> Mr. Howell: Yes, sir.
>
> The Court: That petition must be filed within ninety days from today's date. Notice of such filing must be given within five days thereafter by serving a copy of the petition on the prosecuting attorney and on the attorney general for the State of Oklahoma. Do you understand that?

Mr. Howell:  Yes, sir.

Plea and Sentencing Transcript at 11.  However, the state sentencing judge did not inform Howell that under Oklahoma law he was required to move within ten days of final judgment to withdraw his guilty plea before he could petition the Court of Criminal Appeals.

Howell did not move to withdraw his guilty plea or attempt to file a petition for writ of certiorari to the Oklahoma Court of Criminal Appeals within ninety days, but rather waited three years and then brought a petition for post-conviction relief before the Comanche County District Court.  In his petition for post-conviction relief, Howell claimed that he received ineffective assistance of counsel, his pleas were unknowingly and unintelligently entered, and he has been subjected to excessive fines.  After the state district court denied the petition, Howell appealed to the Oklahoma Court of Criminal Appeals.  The Oklahoma Court of Criminal Appeals affirmed the denial of Howell's petition, finding that "Petitioner did not seek to withdraw his guilty plea within applicable time periods" and offered no reasons for his procedural default.  Howell v. Oklahoma, No. PC 95-917 at 1-2 (Okla. Crim. App. Sept. 27, 1995).[1]

Then Howell filed this federal habeas petition raising the same claims that he had in his state petition.  On March 29, 1996, the magistrate judge issued a report and

---

[1]  The court cited Smith v. State, 826 P.2d 615, 616 (Okla. Crim. App. 1992), for the proposition that under Oklahoma law a post-conviction petitioner is barred from asserting any claims which could have been raised on direct appeal.

recommendation recommending that Howell's petition be denied. The magistrate judge

reviewed Howell's claim regarding ineffective assistance of counsel on the merits, but

concluded that the claim has no merit. As for Howell's claims regarding the

voluntariness of his pleas and excessive fines, the magistrate judge concluded that these

claims are procedurally barred because the Oklahoma Court of Criminal Appeals found

that Howell failed to perfect a timely appeal. The district court adopted the report and

recommendation, noting that Howell had failed to show cause and prejudice for his

procedural default.

It is not entirely clear whether the Oklahoma Court of Criminal Appeals dismissed

Howell's ineffective assistance of counsel claim on the merits or deemed it procedurally

barred.[2] In any event, we have held that Oklahoma's rule barring this claim if not raised

on direct appeal does not bar the claim on federal habeas review. See Brecheen v.

Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995).

Thus, we review this claim on the merits. Specifically, Howell complains on appeal that

---

[2] The state district court reviewed Howell's ineffective assistance of counsel claim on the merits but found that Howell failed to substantiate it. The state district court dismissed Howell's other claims because of his procedural default. The Oklahoma Court of Criminal Appeals affirmed the state district court's order denying Howell's application for post-conviction relief. This suggests that, like the state district court, it also found Howell's ineffective assistance of counsel claim lacking on the merits. However, the Oklahoma Court of Criminal Appeals also made the broad statement that Howell "waived and bypassed the right to assert the issues now raised, and they may not be the basis of a post-conviction application." Thus, we cannot discern whether the Oklahoma Court of Criminal Appeals treated Howell's ineffective assistance of counsel claim on the merits or determined that it was procedurally barred.

his counsel made the following errors: (1) counsel never discussed with Howell the fact that the drug trafficking charge resulted from Howell's possession of a large amount of methamphetamine; (2) counsel never advised Howell or made any argument to the court that the charges for possession of LSD, marijuana, and cocaine resulting in three separate sentences could constitute double jeopardy or violate Oklahoma law; and (3) counsel did not present an intelligent or knowledgeable defense.[3]

In order to establish ineffective assistance of counsel, a habeas petitioner must show both that counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner establishes the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Id. at 687-88. A petitioner who has pled guilty establishes the second prong by showing a reasonable probability that without counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

None of Howell's allegations regarding ineffective assistance of counsel satisfies the Strickland standard. First, Howell alleges that his counsel never discussed with him

---

[3] In his brief submitted to the district court, Howell also argued that his counsel was ineffective because he convinced Howell to waive the preliminary hearing and formal arraignment, he made no investigation and did not prepare, he guided the judge through the plea and sentencing proceeding, and he failed to remind the judge to advise Howell regarding the procedure and time limits for moving to withdraw the plea. Howell does not raise these issues in his appeal and, thus, we deem them waived. However, even if we were to review these allegations we would find them inadequate.

the fact that the drug trafficking charge resulted from Howell's possession of a large amount of methamphetamine. However, Howell does not claim that he is innocent of the charge or that he had any defense to the charge. Thus, he has failed to show a reasonable probability that without counsel's alleged error he would not have pled guilty and would have insisted on proceeding to trial.

Second, Howell complains that counsel never advised him or made any argument to the court that the three separate charges and sentences for possession of LSD, marijuana, and cocaine could constitute double jeopardy or violate Oklahoma law. Howell's claim that multiple punishments for charges of possession of LSD, marijuana, and cocaine constitute double jeopardy under Oklahoma and federal law because they all arose from a single incident involving the "single criminal act" of possessing drugs is ludicrous and, thus, a reasonably competent attorney would not have advised a client or argued to a court regarding this point.

Finally, Howell makes the conclusory statement that counsel did not present an intelligent or knowledgeable defense. Howell does not explain what defense counsel should have reasonably made, especially in the context of a guilty plea. Accordingly, Howell has failed to show that his counsel's performance was deficient or that any deficient performance was prejudicial.

Howell's remaining claims are that his pleas were not intelligently entered and that he has been subjected to excessive fines. The Oklahoma Court of Criminal Appeals held

that these claims are procedurally barred because Howell did not perfect a timely appeal. Under Oklahoma law, an appeal of a guilty plea must commence with the filing of a motion to withdraw the plea within ten days of judgment. Okla. R. Crim. App. 4.2(A). If the motion is denied, it may be appealed within ninety days of judgment by writ of certiorari to the Oklahoma Court of Criminal Appeals. Okla. Stat. tit. 22, § 1051(a) (1986). Post-conviction relief is not available to a defendant who has failed to perfect a timely direct appeal unless the defendant shows "sufficient reason" why the claim was not asserted. Okla. Stat. tit. 22, § 1086 (1986). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Although it is undisputed that Oklahoma's procedural rule is independent of federal law, Howell claims that it is not adequate because it is not consistently applied in cases in which the defendant is not advised of his appeal rights and in particular that he or she must move to withdraw the plea within ten days in order to appeal. A state procedural rule is not adequate if it is not "strictly or regularly followed." Hathorn v. Lovorn, 457 U.S. 255, 263 (1982) (citations omitted); see also Maes v. Thomas, 46 F.3d 979, 986 (10th Cir.), cert. denied, 115 S. Ct. 1972 (1995); Steele v. Young, 11 F.3d 1518,

-7-

1522 (10th Cir. 1993). We have held that in general Oklahoma strictly and regularly applies its procedural bar to issues which are not timely appealed. Odum v. Boone, 62 F.3d 327, 331 (10th Cir. 1995); Brecheen, 41 F.3d at 1349 n.4; Steele, 11 F.3d at 1522.

Nonetheless, Howell has provided copies of three unpublished Oklahoma cases which he asserts prove that Oklahoma does not regularly apply this procedural rule in cases in which the defendant is not advised regarding the procedure for withdrawing a plea. See Tate v. State, No. PC 92-0476 (Okla. Crim. App. July 14, 1992) (granting an appeal out of time where defendant was not advised of appeal rights after conviction); Stanton v. State, No. PC-89-704 (Okla. Crim. App. Aug. 17, 1988) (granting appeal out of time because defendant, after conviction, was denied an appeal "through no fault of his own;" strong dissent suggesting that granting an appeal out of time "establishes a dangerous precedent"); Smith v. State, No. F-89-50 (McIntosh County Dist. Ct. Mar. 18, 1993) (order allowing defendant to withdraw guilty plea and proceed to trial because trial court did not advise him of his "right to appeal").

Our own research of published Oklahoma law failed to reveal any cases addressing whether the state has carved out an exception to the state's regularly applied procedural bar in cases where a defendant pleads guilty but is not fully advised regarding appeal procedures and rights. Because the Attorney General did not address this issue in the court below and did not file a brief on appeal, we have no input from the state regarding the state of the law as revealed in published and unpublished opinions. Under these

circumstances we are reluctant to assess the adequacy of Oklahoma's procedural bar as applied to this case.[4]

Fortunately, we need not reach the issue of procedural bar in this case because Howell's claims fail on the merits. See United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (holding that this court may affirm a district court decision on any ground supported by record); Medina v. City & County of Denver, 960 F.2d 1493, 1495 n.1 (10th Cir. 1992) (same). First, Howell claims that his pleas were not voluntarily and intelligently entered based on his allegations that the state judge did not advise him that the court could depart from sentencing ranges or the prosecutor's recommendations,[5] that he had a right to plead not guilty, that by pleading guilty he was waiving his rights, and that he could move to withdraw his guilty plea within ten days of judgment and how that

---

[4] The Attorney General would be well advised to monitor the evolution of case law in Oklahoma regarding whether the state will or will not carve out an exception to its procedural bar for cases involving defendants who have pleaded guilty but have not been fully advised of appeal procedures and rights.

[5] Our review of the transcript reveals that the judge did explain to Howell that the court was not bound by the prosecutor's recommendations. In any event, the court did not deviate from either the sentencing ranges or the prosecutor's recommendations.

is accomplished.[6] He also generally indicts the plea hearing because he did not take an oath before the hearing[7] and because the judge had to be reminded by counsel about the former conviction enhancement, announced that the plea was voluntary before inquiring about Howell's competency, and did not inquire about competency until reminded to do so by defense counsel.[8]

Whether a defendant entered a knowing and voluntary plea of guilty is a question of law which this court reviews de novo. Marshall v. Lonberger, 459 U.S. 422, 431 (1983); Cunningham v. Diesslin, 92 F.3d 1054, 1060 (10th Cir. 1996). We will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and plea and voluntarily chose to plead guilty. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Cunningham, 92 F.3d at 1060; Miles v. Dorsey, 61 F.3d 1459, 1471 (10th Cir. 1995), cert. denied, 116 S. Ct. 743 (1996).

---

[6] A state court is not constitutionally required to advise a defendant of a right to appeal a guilty plea. Laycock v. New Mexico, 880 F.2d 1184, 1188 (10th Cir. 1989) (citing Crow); Barber v. United States, 427 F.2d 70, 71 (10th Cir. 1970); Crow v. United States, 397 F.2d 284, 285 (10th Cir. 1968).

[7] This court has held that a state court is not constitutionally required to place a defendant under oath at the time of plea proceedings and that statements made in open court are adequate to support a plea. Phillips v. Murphy, 796 F.2d 1303, 1307 (10th Cir. 1986).

[8] Our review of the transcript reveals that even though the court did not inquire about competency until reminded to do so by defense counsel, the inquiry that followed was thorough. The court inquired of both Howell and his counsel regarding Howell's competency. Furthermore, Howell does not allege that he was not competent at the time he pleaded guilty.

After reviewing Howell's allegations and the transcript of the plea and sentencing hearing, we conclude that the Oklahoma judge conducted a constitutionally adequate inquiry by: (1) explaining each charge and the potential punishment and inquiring whether Howell understood the penalties; (2) inquiring whether Howell understood that if he pleaded guilty he would be sentenced within the explained limits; (3) explaining the right to jury trial and inquiring whether Howell wanted to waive that right; (4) explaining the privilege against self-incrimination; (5) explaining the state's burden of proof; (5) inquiring whether Howell had discussed the charges with his attorney, whether his attorney had explained his rights, and whether he understood his rights; (6) inquiring whether his attorney had provided competent representation; (7) inquiring whether he wanted to plead guilty; (8) inquiring whether he committed the charged acts and asking Howell to explain the guilty conduct in his own words; (9) inquiring whether the pleas were a result of threats or coercion; (10) explaining that the court was not bound by the prosecutor's recommendation (contrary to Howell's allegation); (11) inquiring whether Howell was convicted of the prior felonies used to enhance the sentences; and (12) inquiring, after being reminded by defense counsel, regarding Howell's competency. See Miles, 61 F.3d at 1471-72.

Second, Howell claims that he has been subjected to excessive fines because of his allegations that there is no state statutory authority for fines as punishment for the crime of drug possession, that there is a $488.00 discrepancy between the fines and costs

-11-

assessed at the sentencing hearing and those reflected on the Judgment and Sentence Sheet, and that there is an "ambiguous" fine in the amount of $100 not mentioned in any court document. To the extent that Howell claims violations of Oklahoma law, federal habeas relief is not available for errors of state law. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996). Furthermore, Howell's allegations do not state a claim for a violation of the Eighth Amendment's prohibition of excessive fines.

We construe Howell's application for a certificate of probable cause as an application for a certificate of appealability now required by 28 U.S.C. § 2253(c)(2). See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996), petition for cert. filed, No. 96-662 (U.S. Oct. 21, 1996). The application is DENIED for want of "a substantial showing of the denial of a constitutional right," 28 U.S.C. 2253(c)(2), and the petition is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge